MARY J. BUCKLES, as Administratrix of the Estate of WILLIAM BUCKLES, Deceased, Respondent, *v*. THE STATE OF NEW YORK, Appellant.

**Court of Claims — jurisdiction — notice of intention to file claim must be given pursuant to statute (Code Civ. Pro. § 264).**

The Court of Claims has no jurisdiction to hear and determine a claim against the state, where no notice in writing of intention to file a claim has been filed, as required by section 264 of the Code of Civil Procedure. The question being one of jurisdiction, it can be raised at any time and cannot be waived by any officer or authority representing the state.

*Buckles* v. *State of New York*, 175 App. Div. 677, reversed.

(Argued October 9, 1917; decided November 13, 1917.)

APPEAL from ∙a judgment, entered March 28, 1917, upon an order of the Appellate Division of the Supreme Court in the third judicial department which reversed a judgment of the Court of Claims dismissing the claim of the plaintiff and directed judgment in her favor for the full amount thereof.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*Merton E. Lewis, Attorney-General (Edmund H. Lewis* of counsel), for appellant. Having failed to prove the filing of a notice of intention to file a claim against the state pursuant to statute, the claimant's right to relief herein is defeated. (*People* v. *Dennison*, 84 N. Y. 272; *Lewis* v. *State of New York*, 96 N. Y. 71; *Rexford* v. *State of New York*, 105 N. Y. 229; *Peck* v. *State of New York*, 137 N. Y. 372; *Gates* v. *State of New York*, 128 N. Y. 221; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Carson* v. *Village of Dresden*, 202 N. Y.

414; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.)
The record clearly shows the objection to the jurisdiction
of the Court of Claims was properly taken upon the trial.
(*Davidsburgh* v. *Knickerbocker Life Ins. Co.,* 90 N. Y.
526; *Matter of Walker*, 136 N. Y. 20; *Robinson* v. *Oceanic
Steam Nav. Co., Ltd.*, 112 N. Y. 315; *Craig* v. *Town
of Andes*, 93 N. Y. 405; *Kamp* v. *Kamp*, 59 N. Y. 212;
*Callahan* v. *Mayor*, 66 N. Y. 656; *People ex rel. Buckbee*
v. *Biggs*, 171 App. Div. 373.)

*O. A. Dennis* for respondent.    The state, by failing
to object to the trial of the claim promptly, conceding
that but one question was in the case and permitting
claimant to submit her evidence upon the merits, waived
the right to object to the failure to file notice of intention.
(*Quayle* v. *State*, 192 N. Y. 51; *Williams* v. *State*, 94
N. Y. 490; *Spencer* v. *State*, 187 N. Y. 484; *Cowenhoven*
v. *Ball*, 118 N. Y. 231; *Peabody* v. *Long Acre Square
Building Co.*, 112 App. Div. 119; *McCarthy* v. *Village
of Far Rockaway*, 3 App. Div. 379; *People* v. *Journal
Co.*, 213 N. Y. 7; *Minton* v. *City of Syracuse,* 172 App.
Div. 45; *People* v. *Hagadorn*, 104 N. Y. 517; *Matter of
Cooper*, 93 N. Y. 512.)    A waiver of the alleged condition
precedent was pleaded and proven beyond dispute.
(*Murphy* v. *Village of Fort Edward*, 213 N. Y. 402;
*Sheehy* v. *City of New York*, 160 N. Y. 139; *Winter* v.
*City of Niagara Falls*, 190 N. Y. 198; *Forsythe* v. *Oswego*,
191 N. Y. 441; *Weeks* v. *O'Brien*, 141 N. Y. 202.)

McLAUGHLIN, J.    This appeal involves the question
whether the Court of Claims has jurisdiction to hear
and determine a claim against the state, where no notice
in writing of intention to file a claim has been filed,
as required by section 264 of the Code of Civil Procedure.

In 1912 the respondent's intestate, William Buckles,
had a contract with the state for resurfacing a portion
of a highway in the county of Washington.    After he

commenced work under his contract it was discovered that, owing to the condition of the highway, work and materials not covered by it were required to put it in a proper condition. Buckles was thereupon directed by the superintendent of repairs to perform the additional work and furnish the additional materials, or in default of that to abandon his contract. It was expressly provided in the contract that additional work or materials, if required, should be covered by a supplemental contract in writing, and when Buckles was directed to perform such additional labor and furnish such additional materials, he requested that a supplemental contract for that purpose be first executed. This the authorities representing the state refused to do, telling him that a written contract would not be executed until the work had been completed. Buckles then continued under his contract, performed the additional labor and furnished the additional materials. The whole work was completed about the first of November, 1912. He was then tendered a supplemental contract, dated November 11, 1912, which he executed and which was approved in writing by the superintendent of repairs, but a few days later Buckles died, and for that reason it is fair to assume the contract was never executed on the part of the state.

The work was inspected by the proper officers representing the state and a certificate given that the contract, including the additional work and materials, had been fully performed, and he was entitled to receive from the state the contract prices. Since then it has not been questioned but that the value of the additional labor and materials with a small balance unpaid under the original contract, amounting in all to $2,682.83, was due Buckles and is now due his estate, and this is the amount for which the claim, with interest, was filed. For one reason or another, payment of this sum was delayed from time to time until a new highway commis-

sioner went into office and on the 10th of February, 1914, he advised the respondent's attorney he would not sign the supplemental agreement since he personally knew nothing about the matter and that the claim would have to be presented to the Court of Claims. Thereupon, on March 30, 1914, the claim in question was filed with the then Board of Claims, now the Court of Claims (Laws of 1915, chap. 1) and with the attorney-general. Neither before nor after such filing, however, was there filed any notice of intention to file a claim and the Court of Claims accordingly dismissed the claim on that ground, though the deputy attorney-general, representing the state, conceded at the beginning of the trial that the only question involved was whether there could be a recovery in the absence of a supplemental agreement in writing, and he did not raise the question of failure to file the notice until after the claimant had rested. The Appellate Division reversed the determination, one of the justices dissenting, directed judgment for the claimant for the full amount, and the state appeals to this court.

Upon the record there can be no doubt as to the moral obligation of the state to pay the claim, but notwithstanding that fact, I have, with much reluctance, reached the conclusion that the judgment must be reversed and the claim dismissed.

At the time the claim was filed, section 264 of the Code of Civil Procedure provided in part as follows: " No claim other than for the appropriation of land shall be maintained against the state unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Board of Claims and with the attorney-general a written notice of intention to file a claim against the state, stating the time when, and the place where such claim arose and in detail the nature of the same, which notice shall be

signed and verified by the claimant before an officer authorized to administer oaths." It is urged that this provision is similar to the familiar requirement of municipal charters to the effect that no action can be maintained against the municipality unless a notice of intention to sue has been filed within a specified time with the proper officers, and that it is thus, at most, a condition precedent, which can be and has been waived by the state in the present case. Standing alone it might possibly be susceptible of that construction, but the rest of section 264 and its history demonstrates conclusively, as it seems to me, that such construction cannot be maintained.

The requirement as to filing a notice first appeared in section 264 in 1905. (Laws of 1905, chap. 370.) In 1907 this court held that the Court of Claims had no jurisdiction to hear and determine a claim upon a contract which was subject to audit by the comptroller. (*Quayle* v. *State of N. Y.*, 192 N. Y. 47.) And shortly after that decision, section 264 was amended so as to expressly authorize the determination of claims rejected in whole or in part by the auditing officer. (Laws of 1908, chap. 519.) Claims arising upon or out of a contract with the state had previously been mentioned in the amendment passed in 1906 (Chap. 692) and in order to allow past claims of that kind to be determined by the court the 1908 amendment provided that as to claims which had accrued or which had been filed and dismissed for lack of jurisdiction within three years immediately preceding the passage of the act " The court shall have jurisdiction, if a notice of intention to file such claim is filed in the office of the clerk of the Court of Claims and with the attorney-general within six months and such claim is filed within one year after this section, as amended, takes effect."

It seems perfectly clear from this language that as

to claims which had then accrued the filing of the notice of intention was a jurisdictional requirement and there is no possible reason suggested why the legislature should have required the filing of a notice of intention to file a claim which had been previously filed and dismissed unless it intended to make filing of such a notice in all cases a jurisdictional requirement. That this was the intention is further apparent from the amendment to the section which was passed in 1912 (Chap. 545). That amendment relates to the Board of Claims substituted in 1911 (Chap. 856) for the Court of Claims and provides in part that " The board shall have jurisdiction, and may hear and determine all claims accrued and actually filed at any time prior to the time that this section, as amended, takes effect, and filed within two years from the time they accrued, though no notice of intention to file was given, as required by this section, if such claims when filed were not barred by lapse of time and the court or board had jurisdiction and authority to hear and determine the same except for the lack of such notice; and such jurisdiction shall attach without refiling or previous notice." This provision has been retained in substance in the later amendments to section 264 and the language used is entirely inconsistent with respondent's contention that the filing of the notice of intention merely relates to procedure.

The state being sovereign is immune from action by a private suitor except with its consent. (*Quayle* v. *State of N. Y., supra; Gates* v. *State of N. Y.,* 128 N. Y. 221, 228.) It is not like a municipal corporation against which an action can be maintained and over which the courts have jurisdiction irrespective of the conditions precedent which may be hedged around the commencement and maintenance of an action. On the contrary, no claim can be litigated at all against the state, except by its permission. A valid cause of action may exist but

the state's immunity prevents its enforcement. (*Quayle v. State of N. Y.*, *supra*.) When, therefore, the legislature in granting permission to prosecute an action against the state required notice of intention to be filed, that condition must be complied with in order to subject the state to an action. As was said in *Gates* v. *State of N. Y.*, (*supra*): " The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall. deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant." Being thus a question of jurisdiction it could be raised at any time and could not be waived by any officer or authority representing the state. (26 Am. & Eng. Ency. of Law [2d ed.], 486, 487; *Callahan* v. *Mayor, etc., of N. Y.*, 66 N. Y. 656; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315.)

The state has had the benefit of the labor performed and materials furnished of the value claimed and for which it has never paid a cent. Justice would seem to require that the claim should be paid, and that the legislature, in the exercise of its powers, ought to provide a way for that purpose, but the present judgment cannot be allowed to stand without ignoring the conditions which the legislature has seen fit to impose in permitting actions to be maintained against the state.

The judgment appealed from, therefore, should be reversed and the determination of the Court of Claims affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, CUDDEBACK, POUND and ANDREWS, JJ., concur; HOGAN, J., concurs in result.

Judgment reversed, etc.