THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK E. DAWLEY, Individually and as President of the AMERICAN KARAKUL FUR SHEEP Co., INC., Respondent, *v.* CHARLES S. WILSON, Commissioner of the Division of Agriculture of the Department of Farms and Markets of the State of New York, and Others, Appellants.

Third Department, July 7, 1921.

Farms and Markets Council — claim for damage to sheep by dogs — court has no power to review decision of Council of Farms and Markets made under Agricultural Law, § 139f, as amended by Laws of 1918, chapter 439 — Farms and Markets Law, §§ 55, 56, does not confer power.

No power is conferred on the court by the Agricultural Law to review by certiorari a decision of the Council of Farms and Markets made pursuant to the authority vested in said council by section 139f of the Agricultural Law, as amended by the Laws of 1918, chapter 439, on a petition filed by the owner of sheep for a review of the determination of town assessors fixing the damages suffered by the owner.

Sections 55 and 56 of the Farms and Markets Law, authorizing a review by the courts of " a rule or order of the council, * * * enacted or executed under " said law, do not authorize a review by certiorari of said decision of the council, since the Agricultural Law and the Farms and Markets Law are separate and distinct acts and the said decision was made by virtue of the authority specifically granted by the Agricultural Law.

KILEY, J., dissents, with memorandum.

APPEAL by the defendants, Charles S. Wilson and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 13th day of October, 1920, except that part of said order which disallowed one claim of the relator, and also from an order, entered in the office of the clerk of the county of Albany on the 24th day of July, 1920, directing that a writ of certiorari issue.

*Charles D. Newton,* Attorney-General [*Henry C. Henderson* and *T. Paul McGannon* of counsel], for the appellants.

*Thomas K. Smith,* for the respondent.

VAN KIRK, J.:

The relator was the owner of Karakul fur-bearing sheep. In November, 1917, these sheep were worried, damaged and some of them killed, by dogs, and again in May, 1918, and September, 1918. Within the time limited claims were filed in accordance with the statute, and in due course a hearing was had before the Commissioner of the Division of Agriculture, and an award made for the damages. Thereafter the relator filed a petition with the Council of Farms and Markets for a review of this decision of the Commissioner of Agriculture. After hearing, and in October, 1919, the council rendered its decision, substantially approving and making the same decision as the Commissioner of Agriculture; and thereafter the relator applied for the writ of certiorari herein to review the said decision of the Council of Farms and Markets. It is from the decision of the court in this certiorari proceeding that this appeal is taken. The claims are as follows:

|  | Claimed. | Allowed by council. |
|---|---|---|
| November 8, 1917 | $3,097 | $907 |
| May 18, 1918 | 4,718 | 394 |
| September 18, 1918 | 1,120 | 320 |
| Total amount claimed | $8,935 | Total allowed.. $1,621 |

The claim of $7,150 for supplemental damages arising from the harrying of the sheep in November, 1917, was disallowed

and no appeal is taken by the relator. It is claimed that authority for the review by the courts of the decisions of the Commissioner of Agriculture and the Council of Farms and Markets is found in section 56 of article 3 of chapter 69 of the Consolidated Laws, the Farms and Markets Law.

Chapter 800 of the Laws of 1917, an act amending the Agricultural Law by adding article 5-B thereto, provides for the licensing of dogs and compensating the owners of domestic animals and fowls for injuries done by dogs. Under section 139f of the Agricultural Law, as thus added, the owner of domestic animals which have been injured by dogs is required to present within sixty days to the Commissioner of Agriculture a verified claim, setting forth the damage so done. Provision is then made for investigation of the validity of the claim and for determination of the amount of damages by the Commissioner of Agriculture. The damages are to be paid by the State Treasurer on the warrant of the Comptroller, provided the certificate or decision shall be duly presented for payment within the time limited and as prescribed by the statute. This proceeding was regularly taken with reference to the damages done in 1917. There is no provision in this act of 1917, or in any statute, for a review of the determination of the Commissioner. This law was amended by chapter 439 of the Laws of 1918, and under section 139f of the Agricultural Law, as thus amended, the owner of domestic animals injured or killed by dogs must give notice of his claim to an assessor of the city or town within ten days after discovery of the damage done; and it is provided that the assessors shall " inquire into the matter " and if they determine the claim valid they shall certify their determination and the amount of damages, and such certificate shall be filed in the office of the Department of Farms and Markets, which department " may approve, reject or modify the determination of the assessors." After passing on the claim the department shall issue duplicate certificates, showing the amount of damages ascertained, one of which shall be filed with the Comptroller and the other delivered to the owner. Within twenty days from the date of mailing such certificate, if the claimant feels aggrieved, he may file a petition with the Department of Farms and Markets for a review of the determina-

tion of the assessors and the department shall cause an investigation to be made and render its decision within sixty days from the date of the filing of the petition, one copy of which shall go to the petitioner and the other be filed with the Comptroller. A person to whom such a certificate or decision shall be issued, or his assignee or legal representative, may present the same for payment and shall be paid by the State Treasurer on the warrant of the Comptroller out of any moneys available therefor, provided the certificate or decision shall be duly presented for payment within the time limited and as prescribed by the statute. This section, 139f, of the Agricultural Law was amended by chapter 464 of the Laws of 1919, and again by chapter 767 of the Laws of 1920. Section 139c of said article 5-B, relating to a " dog killed on order of court or justice," as amended by act of 1918, was also amended by chapter 461 of the Laws of 1919. The amendment of 1920 also repealed said article 5-B and added a new article 5-B to the Agricultural Law, which new article contained practically the same section numbers. It has been amended by chapter 628 of the Laws of 1921. These amendments do not affect either of these claims, but it is of interest to note that, under the amendment in 1920, the license fees for dogs are to be paid to the city or town clerk and by him remitted to the county treasurer, except as therein provided, and claims for damages done to domestic animals by dogs are to be paid for by the counties and no longer by the State.

There is no provision for a review by the courts of the determination under the above act of 1917, or the act as amended in 1918. The entire proceeding for realizing on a claim for damages to domestic animals done by dogs is a statutory creation. The Agricultural Law is chapter 1 of the Consolidated Laws (Laws of 1909, chap. 9, as amd.). The Farms and Markets Law is chapter 69 of the Consolidated Laws (Laws of 1917, chap. 802, as amd.). Each is a complete and distinct law from the other. There is under the Agricultural Law no provision for reviewing any decision or determination therein provided for in the courts. The Farms and Markets Law, however, after providing for certain hearings and proceedings, does provide for a review by the courts of a decision

of the council in section 56 thereof, which contains this: " Any person affected by a decision of the council rendered as provided in the preceding section may institute a proceeding for the review thereof in the Supreme Court of the county of Albany or any county in which the council shall have established a branch office; " and the " preceding section " (§ 55, subd. 1) provides: " Any person, association or corporation claiming to be adversely affected by a rule or order of the council, a committee thereof or a commissioner enacted or executed under this chapter may, at any time, apply to the department by verified petition for a review of the reasonableness or validity of such rule or order." So the review of the rule or order provided for in sections 55 and 56 is one " enacted or executed under this chapter," namely, chapter 69 of the Consolidated Laws, the Farms and Markets Law. (See *People ex rel. New York, N. H. & H. R. R. Co.* v. *Willcox,* 200 N. Y. 423.) Said sections 55 and 56 of the Farms and Markets Law have been amended by chapter 475 of the Laws of 1921. The Farms and Markets Law does not provide for a review of any order enacted or executed under any other chapter, or under any other law, and is not authority for the proceeding in court had herein.

While the State by name is not a party in this proceeding, yet, when an award is made by a commissioner or council under the Agricultural Law, such award is to be paid by the State Treasurer out of any funds available therefor; that is, out of funds which belong to the State and which it alone has the power to disburse. Such a claim can only be enforced with the consent of the State and in the manner provided for by the State. (See *Buckles* v. *State of New York,* 221 N. Y. 418, 423.) It seems plain that section 56 of the Farms and Markets Law is not authority for this proceeding. Our attention has not been called to any other statute, and we have not been able to find any other statute, which confers the authority upon the court to review a determination made under the Agricultural Law. The only other similar legislation to which our attention has been called was article 7 of the County Law, as amended, which was repealed by chapter 800 of the Laws of 1917 (adding to Agricultural Law, art. 5-B). Without such statutory authority the proceeding by writ of

certiorari cannot be prosecuted.   (See Code Civ. Proc. § 2120 *et seq.*)   It is true that, in the amendment of the Agricultural Law in 1918 above referred to, a review of the decision of the assessors may be had by the Department of Farms and Markets. The certificate of the assessors shall be filed in the office of the Department of Farms and Markets, which department may approve, reject or modify the determination of the assessors; and, therefore, the determination of the department is made by authority of the Agricultural Law, but not by authority of any provision of the Farms and Markets Law.   It is a power of review only conferred by the Agricultural Law upon the Department of Farms and Markets and is not a power exercised under the provisions of the Farms and Markets Law; and it seems to us that it would be a very strained construction to hold that such determination, made under the authority of the Agricultural Law, should be considered as a rule or order of the council, " enacted or executed under this chapter," namely,  the Farms and Markets Law.   If we are right in this conclusion, that there is no authority in the statute for a review of the awards made herein, then it will be of no advantage to review the other questions presented on this appeal.

The orders appealed from are, therefore, reversed and the proceeding should be dismissed, with costs.

All concur, except KILEY, J., dissenting, with a memorandum.

KILEY, J. (dissenting):

It is conceded by the State that the sheep were attacked and some damage done in the manner alleged by respondent. The appellant raises but two questions:  *First.* That the statutory procedure followed was improper, in that under the Agricultural Law there are no proceedings for review. *Second.* That the damages were excessive.  As to the first objection: Chapter 9 of the Laws of 1909, which constitutes ·chapter 1 of the Consolidated Laws, is entitled " An act in relation to agriculture," etc.   Section 1 provides that its short title shall be the " Agricultural Law."   That law with its several and subsequent amendments was the only law we had on that subject until the " Farms and Markets Law " (Consol. Laws, chap. 69; Laws of 1917, chap. 802).   A reading of this

law and of the Agricultural Law, with the subsequent amendments to each, shows that said laws are closely allied, interrelated and complements of each other.   The only other similar legislation to which our attention has been called was article 7 of the County Law, as amended, which was repealed by chapter 800 of the Laws of 1917 (adding to Agricultural Law, art. 5-B).   Section 30 of the Farms and Markets Law defines the powers and purposes of that law, and subdivision 1 of the section provides that one of the powers .and duties of the Department of Farms and Markets is to " execute and carry into effect the *laws of the State* and the rules of the council, relative to agriculture," etc.   The Agricultural Law provided for damages suffered by owners of sheep through destruction or injury inflicted by dogs.   The tax on dogs, or for permission to keep dogs, was intended, primarily, as the source from which these damages should be paid.   Assessors and appraisers were the tribunal to determine the amount.   The development of every branch of endeavor, of the resources and sources from which the human family drew its sustenance, and the increase in value of the individual units, making up such sources and resources, easily visualized, the consequent increased damage wrought, prompted the many amendments to the laws affecting agriculture and the several elements and attributes which make up the whole fabric.   As a result we have the present confusing and disrelated sections making up the body of the laws intended to apply to the same subject. No quarrel is had with the declaration that the right to damage for the killing of or damage to sheep by dogs, so far as payment therefor by other than the owner of the dogs, is purely statutory; but it is an old statutory privilege viewed from the standpoint of our national life.   The killing or wounding by dogs has always remained as the basal source of the right to damage of the owner of the sheep.   Rights have been multiplied and remedies amplified.   Conditions, if we were to continue this relief, demanded these amendments, these additional rights and remedies.   The sheep, from being an insignificant little animal searching uplands and mountains for sustenance, has grown to be one of our important domestic animals, its breeds developed, its standing in the world so enhanced that the best lowlands are none too good for it.

Enormous values are tied up in single flocks. There came a time, and not so very long ago, when this was recognized; it was also recognized that assessors and appraisers ofttimes could not see this steadily increasing value in the sheep that had been killed by a mangy cur. Owners were at their mercy. Hence sections 55 and 100 of the Farms and Markets Law were enacted. Still no judicial review was provided for by section 55. This omission in the previous laws, urged and rightly so, that so important a question should be entitled to a judicial review. Section 56 gives that right. (See, also, Laws of 1921, chap. 475, amdg. said sections.) Sections 139-e and 139-f of the Agricultural Law (as added by Laws of 1917, chap. 800) provide for the rule of damage, and go to remedy and procedure, and in no way change the cause of action; they were not intended to change it; they are right. (See, also, Laws of 1918, chap. 439, and Laws of 1920, chap. 767, amdg. said sections.) They were passed contemporaneous with and took effect subsequent to the Farms and Markets Law, and from what had gone before were necessary; they are not inconsistent with the Farms and Markets Law. The proceeding of the relator was regular. As to the second question, excessive damages. Section 139-e of the Agricultural Law states the rule of damage. The Karakul breed of sheep are valuable, way beyond any other breed of sheep known to this country; as the common breeds are valuable for the meat, breeding purposes and wool within their sphere, so the Karakul sheep are valuable in their sphere — much more so than other breeds of sheep. The State does not question the damage suffered by the relator; its position in that regard is to the effect that it is a fur-bearing animal not contemplated by the statute. Because this animal is more valuable than other breeds, on account of its fur and breeding purposes, that does not make it none the less a sheep, nor change it into a goat. If there is a distinction to be drawn because of these more valuable qualities, it is for the Legislature to make that distinction, not the courts. I favor the affirming of Mr. Justice HINMAN's order.

Orders appealed from reversed and proceeding dismissed, with costs.