EDWARD P. LUPFER and FREDERICK N. REMICK, Doing Business under the Firm Name of LUPFER & REMICK, Claimants, *v.* STATE OF NEW YORK, Defendant.

### Claim No. 14649.

Court of Claims, May, 1922.

**Claims against state — when payment on account does not revive barred claim — necessity of audit and determination by comptroller.**

A payment by the state in order to revive a claim already barred must have been made on account of such debt and a mere naked payment without anything to show on what account or for what reason the money was paid is of no avail.

Claimants in the performance of a contract for the construction of locks 2 and 7 of the improved Oswego canal equipped them with power plants and other machinery and established that various acts of the state's engineers were in breach of the contract and resulted in extra work and loss. All the breaches of the contract by the state's engineers occurred more than six months before June 26, 1916, when the notice of intention was filed and the only acts or occurrences which transpired within that period were the execution by claimant of the receipt of a draft made by the superintendent of public works on the comptroller and the indorsement and deposit of the draft in bank, and its presentation to and payment by the comptroller on January 4, 1916. *Held,* that the claim never having been audited or rejected in whole or in part within the statutory period by the comptroller, who under section 4 of the State Finance Law is the auditing officer, the court has no jurisdiction and the claim will be dismissed.

Claim for breach of contract.

*R. S. Johnson,* for claimants.

*George L. Meade,* deputy attorney-general, for state of New York.

Cunningham, J. The claimants, as contractors, constructed locks 2 and 7 of the improved Oswego canal and equipped them with power plants and other machinery. They have alleged and established that various acts of the state's engineers were in breach of the contract and resulted in extra work and loss. We find their damages to be $1,354.70. It is unnecessary to discuss the reasons which bring us to these conclusions. The state challenges our jurisdiction on the ground that notice of intention was not filed within six months from the time the claim accrued. It was filed June 26, 1916. All the breaches of contract occurred more than six months before that date.

The canal board, December 15, 1915, adopted a resolution authorizing the superintendent of public works to make payment of $472.30, which it recited to be the balance unpaid under the final account, which was set forth as $62,884.30. None of the items of this claim were included in either sum. The contract previously had been accepted by the board as completed. The superintendent of public works, December 23, 1915, made a draft on the state comptroller to the claimants for $472.30 with receipt attached. Both draft and receipt bore that date. He sent them to the claimants inclosed in a letter of the same date. The claimants received them December 24, 1915, executed the receipt, and on December 27, 1915, indorsed and deposited the draft in their bank at Buffalo. The draft was presented to the comptroller and paid by him January 4, 1916. Unless the foregoing facts may be construed to be such, this claim, or any of its items, was never presented in writing, or otherwise, to the comptroller, and was never audited or rejected by him, in whole, or in part, in writing, or otherwise. No action was taken by him other than that we

have described. There is no evidence that he had any notice or knowledge of this claim or any of its items. In fact, the claimants never presented the claim to, or made any demand upon, any state official or employee in relation to it, except that on March 24, 1915, without specifying the sums demanded, they presented to the state's resident engineer at Syracuse a written request for compensation for the work now included under items Nos. 1, 2, 3, 4, 5 and 6 of this claim. The latter now consists of nine items. No demand was made relating to any of the matters involved in items 7, 8 and 9.

Unless notice of intention was filed within six months after the claim accrued we have no jurisdiction, and the claim must be dismissed. Court of Claims Act, § 15; *Buckles* v. *State of New York*, 221 N. Y. 418; *Butterfield* v. *State of New York*, Id. 701.

The only acts or occurrences which transpired within six months before the filing of the notice, were (1) the execution by claimants of the receipt and the indorsement and deposit of the draft in their Buffalo bank, December 27, 1915, and (2) the presentation of the draft to, and the payment of it by, the comptroller on January 4, 1916. It is palpable that unless either of these events marked the accrual of the claim, it did not accrue within the statutory period and the notice was not filed in time. The claimants urge that the events last mentioned constituted a payment upon the claim within the six months period, and that on well-established common-law principles, recognized and retained by the statute regulating the limitation of actions, the period must be computed from the time of such payment. Civil Practice Act, § 59; *Smith* v. *Ryan*, 66 N. Y. 352, affg. 39 N. Y. Super. Ct. 489. This argument, of course, is predicated on the implied concession by the claimants that the claim had accrued before the payment, and either at the time the various breaches occurred, or at the time the canal board, state engineer or superintendent of public works acted as described. Assuming for the argument that a payment by the state, under appropriate circumstances, may have the effect of reviving a claim already barred, or of extending the statutory period, it is evident that this payment can have no such effect. It is well established that a payment to have that result must be such as constitutes a recognition of the debt and implies a promise to pay in full. It must appear to have been made on account of such debt, and a mere naked payment without anything to show on what account or for what reason the money was paid is of no avail. *Ulster County Savings Inst.* v. *Deyo*, 116 App. Div. 1; *Adams* v. *Olin*, 140 N. Y. 150; *Crow* v. *Gleason*, 141 id. 489. It needs no argument to demonstrate that a payment made in ignorance of

this claim, not affecting any of its items, but specifically applicable to other and defined and distinct particulars, and possessing none of the legal characteristics mentioned, is insufficient to extend the time.

Unless the acceptance and payment of the draft by the comptroller, under the circumstances related, constituted an accrual of the claim, notice of intention was filed too late. It could constitute an accrual of it only on the theory that this claim is one submitted by law to the comptroller for audit and determination; that it is founded upon express contract and that his action amounted to an audit and rejection of it. Court of Claims Act, § 12, formerly Code Civ. Pro. § 264. Without deciding the correctness of this theory in any other respect, it is evident that this claim has never been audited or rejected by the comptroller. While it is probably correct that the audit and payment of some of the items of a claim is tantamount to a rejection of the remaining items (*Waples Co.* v. *State of New York*, 16 Ct. Cl. Rep. 54) no audit or rejection can occur under the circumstances in evidence, where neither the claim now in litigation, nor any of its items, were presented to the comptroller, nor were involved in the account on which he acted, and of all of which he had no notice but was wholly ignorant.

" To audit is to hear, to examine, to adjust, allow or disallow." *O' Neil* v. *State of New York*, 223 N. Y. 40. That definition includes elements which obviously were lacking in this instance. Therefore, this claim was not audited or rejected, in whole or in part, within the statutory period.

For the reasons outlined we have no jurisdiction and the claim is dismissed. The claimants' only remedy is an appeal to the legislature.

In passing we may add that whether or not rejection of the claim be a necessary prerequisite to our jurisdiction of a claim *for damages for breach of contract*, it would seem that in a claim *for moneys due under a contract*, for work or materials of the nature and within items prescribed in it, previous rejection is essential. There can be no question that the comptroller is the auditing officer. State Finance Law, § 4; *People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70; *M. L. Improvement Corp.* v. *State of New York*, 118 Misc. Rep. 605. Neither the commissioner of highways, nor the state engineer, nor any other official in like place, is the officer to whom such claims are submitted by law for determination. The comptroller is the final auditing and determining officer. This well may be borne in mind by the bar practicing before us.

· Ackerson, P. J., concurs.

Judgment accordingly.