MERWYN H. NELLIS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

## Claim No. 17118.

Court of Claims, May, 1922.

**Claims against state — limited liability for rent under lease — failure of appropriation.**

Under section 3(7) of the Public Buildings Law which declares that each lease executed by the trustees of public buildings shall " contain a clause that the contract of the state thereunder shall be deemed executory only to the extent of the moneys available " and that " no liability shall be incurred by the state beyond the money available for the purpose," the power of the trustees to charge the state with liability under such a lease is limited to the moneys available by appropriation for payment of the rent falling due under the lease, and the lessor is chargeable with notice of such limitation.

The failure to include such statutory clause in a lease entered into between the trustees of public buildings of the state and the claimant's assignor did not render the lease void, neither did the omission have the effect of removing the statutory limitation upon the liability of the state or of enlarging such liability in any way.

The liability of the state for rent falling due under the lease being limited by law to the moneys available for that purpose, and none having been made available by the segregation of the funds appropriated by chapter 340 of the Laws of 1921, the motion to dismiss the claim will be granted.

CLAIM for rent.

*Merwyn H. Nellis*, claimant, in person.

*Charles D. Newton*, attorney-general (*Porter L. Merriman*, deputy attorney-general, of counsel), for state of New York.

CORWIN, J.  This is a claim for rent alleged to be due for the months of August, September, October and November, 1921, under the terms of a written lease entered into between the trustees of public buildings of the state of New York and the claimant's assignor.

The first question requiring discussion is the contention of the attorney-general that this court has no jurisdiction of the claim for the reason that it is founded upon an express contract and has not been rejected by the officer to whom it was submitted by law for audit.  We believe this contention to be unsound.

The claim of *M. L. Improvement Corporation* v. *State of New York*, 118 Misc. Rep. 605, while presenting similar facts, differs from the present case in that chapter 340 of the Laws of 1921, inapplicable to that case, is, in our opinion, controlling here.  This provides that " The sum hereby appropriated shall be paid out by the treasurer on the warrant of the comptroller on the order of the industrial commissioner."  This provision contemplates an audit of the claim in question, in the first instance at least, by the industrial commissioner.  Any further audit by the comptroller pursuant to section 4 of the Finance Law must necessarily be merely perfunctory, except, perhaps, in a case where the industrial commissioner orders payment of a claim for which no funds have been appropriated.  Where, as in this case, the industrial commissioner rejects a claim for the reason that there are no funds available, no further audit by the comptroller is necessary or proper.  We conclude, therefore, that the action of the industrial commissioner in the circumstances constituted a sufficient rejection of the claim to confer upon this court jurisdiction.

The claim must fail, however, for the reason that no funds were appropriated out of which the rental for the months in question could be paid.

Subdivision 7 of section 3 of the Public Buildings Law provides that each lease executed by the trustees of public buildings shall " contain a clause that the contract of the state thereunder shall be deemed executory only to the extent of the moneys available," and that " no liability shall be incurred by the state beyond the money available for the purpose."  By this provision of law the power of the trustees of public buildings to charge the state with liability under a lease executed by them was limited to the moneys

available by appropriation for the payment of the rent falling due thereunder; and the claimant's assignor was chargeable with notice of this limitation. The lease in question did not contain the clause required by this statute. We think that the provision requiring the inclusion of the clause in question in the lease was directory and, therefore, that the failure to include it did not render the lease void; but this omission did not have the effect of removing the statutory limitation upon the liability of the state or enlarging such liability in any way.

Chapter 340 of the Laws of 1921 appropriated $1,500,000 for personal service and for maintenance and operation of the labor department for the fiscal year beginning July 1, 1921, and ending June 30, 1922. Of the sum so appropriated $1,200,000 was made available for personal service, leaving the sum of $300,000 available for maintenance and operation. It further provided that no moneys should be paid out of this fund until a segregation of the appropriation should have been made by the industrial commissioner and approved by the governor, the chairman of the senate finance committee, and the chairman of the assembly ways and means committee.

By this statute the legislature made a general appropriation to the use of the labor department but provided that the same should not be available until segregated in the manner and by the officials designated. This was a valid and proper exercise by the legislature of its powers.

The segregation was made as directed and there was included therein an item for rent amounting to $30,424. This item, however, was made up of rental of premises other than those affected by the lease in question; and no sum was included to provide for the payment of the rent which is the subject-matter of this claim.

The liability of the state for rent falling due under the lease in question being limited by law to the moneys available for that purpose, and none having been made available by the segregation of the fund appropriated by chapter 340 of the Laws of 1921, the motion of the attorney-general to dismiss the claim must be and is granted, with an exception to claimant.

Ackerson, P. J., concurs.

Judgment accordingly.