T. Y. LEONARD, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 23187.

State of New York, Court of Claims, April 14, 1933.

230

*Rann, Vaughan, Brown & Sturtevant,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Arthur T. McAvoy, Assistant Attorney-General],* for the defendant.

RYAN, J. Claimant corporation entered into a contract with the Superintendent of Public Works to move various State departments located in various buildings in the city of Buffalo into the new State office building. The new State office building is equipped with two elevators. One of these was padded and prepared for the purpose of hauling freight, including the furniture, office files and other equipment being moved by the claimant. The other elevator was reserved for passenger use.

During the progress of the contract the passenger elevator got out of repair, necessitating the use of the so-called freight elevator for passenger service. Claimant requested of the State representative in charge that the work of moving be delayed until such time as the elevators were in normal operation. Claimant's request was denied and it proceeded with the work as best it could under the circumstances. The claimant was interfered with and delayed in the progress of its work for which it claims to have been damaged in the amount of $210. The amount is not seriously disputed by the Attorney-General and in fact the chief auditor of the Department of Public Works on November 16, 1931, wrote to the claimant as follows: " We have communicated with our Buffalo office and, altho they admit that it was necessary to use

the freight elevator for passenger service on these dates, we regret to advise you that we have no funds available from which your invoice, in the amount of $210.00, can be paid."

The Attorney-General does vigorously urge that the claim must be dismissed because it was not filed within six months after it accrued. The delays and interference complained of occurred on September 22, 23 and 24, 1931, respectively. On October 14, 1931, claimant rendered its bill for $210. On November 16, 1931, the Department of Public Works returned the bill with the comment above noted and with the further comment: " We are returning your invoice herewith and would inform you that your only redress is the State Court of Claims."

The moving of the last department took place on November 28, 1931.

The total contract price was $590. On December 9, 1931, claimant verified a voucher which set up the total contract price, gave credit by check November 28, 1931, for $477, and receipted for the difference of $113. This sum was paid on the State Comptroller's warrant dated December 30, 1931, and payment was received by claimant January 9, 1932. Notice of intention to file claim was filed June 11, 1932, and the claim proper was filed October 13, 1932.

The facts in the case are closely analogous to the facts in *Lupfer* v. *State* (118 Misc. 601). However, there are certain elements which we believe are clearly distinguishable. The Leonard contract recites as follows:

" 24. Certificates of payment may be withheld pending the correction of work in accordance with the contract or when the work is not being progressed diligently. Payment of work during its progress, on account of the contract, will be made on the certificate of the Superintendent of Public Works but such payments shall in no case be construed as an acceptance of the work executed. Final certificate shall not be issued until all the work required under the contract has been completed, all claims disposed of and all accounts for extra work or allowances for omissions have been rendered, considered, and if agreed to, made a part of such certificate.

" 25. The final certificate will constitute acceptance of the work by the State. The date of such certificate shall be regarded as date of acceptance of the work."

Clearly, therefore, until the authorization of final certificate on December 30, 1931, the work was not regarded as accepted by the State.

In the *Lupfer* case the contract had been accepted as completed previous to December 15, 1915, the date on which the resolution

of the Canal Board, authorizing the Superintendent of Public Works to make payment of the balance due under the final account, was adopted. The Lupfer notice of intention was not filed until June 26, 1916.

There is, therefore, one additional occurrence in the present case which transpired within six months of the filing of the notice, viz., the approval and issuance of final certificate which under the contract constituted acceptance of the work.

It may be said further that the claimant having had what amounted to an acknowledgment from the chief auditor of the Department of Public Works of the justice of its claim, accompanied by a statement that funds were not available out of which to pay, it had a right to assume that the funds later might become available and that the claim would be allowed and paid. Although claimant did not include this item in the voucher verified December 9, 1931, it might have assumed that its account for $210 would be further considered, agreed to and made a part of the final certificate. Until that certificate was issued claimant could not know definitely that its claim was rejected.

We conclude, therefore, that the notice of intention having been filed within six months from December 30, 1931, this court has jurisdiction of the claim. We are satisfied that claimant was damaged in the amount of $210, due to delays and interference by the State. An award is made accordingly.

ACKERSON, J., concurs.