THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOUND VIEW LAND AND IMPROVEMENT COMPANY and Others, Defendants, Impleaded with THE CITY OF NEW YORK, Appellant.

First Department, November 3, 1933.

*Alfred D. Jahr* of counsel [*Edwin J. Talley* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Warren H. Gilman, Assistant Attorney-General*, of counsel [*Henry Epstein* and *Hugh Reilly* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

UNTERMYER, J. The defendant The City of New York appeals from an order striking out two affirmative defenses contained in its amended answer upon the ground that each of these defenses constitutes in fact a cause of action against the sovereign State which may not be affirmatively asserted either by independent suit or counterclaim. (*Buckles* v. *State of New York*, 221 N. Y. 418.) If it be true, however, that these alleged defenses are not counterclaims but consist of allegations of fact which merely tend

to destroy the cause of action asserted by the State, they constitute defenses and may properly be interposed.

The action is brought to annul and declare void certain letters patent granted by the State of New York to the defendant Sound View Land and Improvement Company to lands under water in or adjacent to the city of New York. The letters patent contained a provision, which the defendant Sound View Land and Improvement Company is alleged to have violated, that unless specified improvements on the premises were completed within five years, the grant should become null and void. The complaint alleges the interest of the city of New York in these lands as follows: "That the defendant, the City of New York, may have or claim some lien upon the premises described in said Letters Patent * * * for unpaid taxes, assessments and water charges levied thereon for the years and in the amounts set forth in the schedule hereto annexed marked ' Exhibit B ' and made a part of this complaint and by reason thereof said city is made a party hereto."

In the first defense which has been stricken out the city asserts its lien upon the premises described in the letters patent for the unpaid taxes enumerated in " Exhibit B " annexed to the complaint. In the second defense it asserts that at the time of the granting of the letters patent it was the owner in fee simple of the premises described in the complaint. Since the purpose of joining the city as a defendant is to determine the validity of its lien for taxes on this land, the city is entitled to assert, as a defense, any facts which will tend to establish the existence of the lien. For that purpose the city may assert, as it has done in its first defense, that it has a valid lien for the taxes enumerated in the complaint. It may also, as it has undertaken to do in its second defense, controvert the State's claim of ownership to the land, for if the State and not the city was the owner, the land was not subject to taxation by the city. The second defense, it is true, contains a prayer for affirmative relief against the State, but since it is specifically described as a defense and not as a counterclaim, the prayer for affirmative relief is without effect.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied.