MICHAEL F. OTIS, as Administrator, etc., of VINCENT D. OTIS, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25702.)

Court of Claims, March 27, 1942.

*Thomas M. McGough,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. Claimant's intestate died June 21, 1938, and letters of administration were issued July 25, 1938. A motion by the Attorney-General to dismiss the claim on the ground that it failed to allege facts sufficient to constitute a cause of action was determined adversely to the defendant. (*Otis* v. *State of New York,* 176 Misc. 389.) At the same time another motion made by the

Attorney-General to dismiss the claim on the ground that the court did not have jurisdiction because a copy of the notice of intention had not been filed with or served upon the Attorney-General was denied for the reason that it was alleged in paragraph 5 of the claim that the notice of intention had been filed with the clerk and in the office of the Attorney-General on October 21, 1938, and it was alleged in paragraph 6 of the claim that the claim was filed within two years after it accrued and that such allegations, for the purposes of the motion, must be considered as true.

However, the Attorney-General now makes this motion to dismiss on the ground of improper filing and the argument thereof comes before us by consent of the claimant's attorney in order that the question of jurisdiction may be disposed of prior to the opening of the trial of the claim upon the merits. The claimant's attorney now concedes that the allegations of paragraphs 5 and 6 of the claim are in error and that the true facts are that the notice of intention to file the claim was filed in the office of the clerk of the court on October 22, 1938, but that no copy thereof was ever served upon the Attorney-General, and that the claim was filed with the clerk of the court April 19, 1940, and on the same day copies thereof were delivered to the Attorney-General's office by the messenger of the clerk of the court.

If these facts were to be tested by the requirements of section 10 and section 11 of the Court of Claims Act as they have existed since the enactment of chapter 860 of the Laws of 1939, in effect July 1, 1939, this motion would have to be denied. Unfortunately for the claimant the test to be applied is found in section 15 and section 15-a of the Court of Claims Act as these sections read following the enactment of chapter 775 of the Laws of 1936, which were in effect from May 28, 1936, to July 1, 1939. These dates determine the period within which this claim accrued and was filed. At that time the statute required that a claim by an administrator should be filed within ninety days of his appointment unless the claimant within that time should file a written notice of intention to file claim and, in that event, that the claim should be filed within two years after the death of the decedent. (§ 15.) The statute further required that the claim or notice of intention should be filed with the clerk and a copy served upon the Attorney-General. (§ 15-a.) As we read these sections of the statute, now repealed, they can be construed to mean only that where claimant elected to initiate his procedure by the filing of a notice of intention, the same was required to be filed with the clerk and served upon the Attorney-General within ninety days of his appointment as administrator. Admittedly, this is a strict and technical construction of the statute.

Claimant's counsel stated on the argument, and it is undisputed, that the State's investigator was informed of and had the opportunity to and did examine this particular claim well within ninety days of the intestate's death. However that may be, it does not justify this court in setting aside the requirements of the statute. We know of no authority which supersedes the decision of the Court of Appeals in *Buckles* v. *State of New York* (221 N. Y. 418, 424) in respect to the rule for construing the Court of Claims Act. Claimant's relief appears to be with the Legislature.

Enter an order dismissing claim on the ground stated.