■ F. ALTHEA HARPER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 46183.) (And Other Related Actions; Claim Nos. 46182, 46181, 48294.) — REYNOLDS, J. Appeals from orders of the Court of Claims which dismissed the appellants' claims. Appellants have filed claims seeking damages for the alleged contamination of their wells by a stockpile of State highway salt purportedly maintained on nearby State land. The claims as filed did not, however, indicate the time when they arose and consequently the State moved to dismiss for the failure to comply with section 11 of the Court of Claims Act. Finding that this infirmity deprived it of jurisdiction, the court granted the motion but allowed the claimants to serve an amended claim. Through a service blunder amended claims filed by the appellants were jurisdictionally invalid. Upon realizing this situation motions were made by the appellants for an extension of time in which to file or for leave to file *nunc pro tunc*, but these motions were subsequently withdrawn and the instant appeals seeking review of the dismissal of the claims were thereafter filed. The Court of Claims in dismissing the claims on the basis of a failure to comply with section 11 concluded that an allegation of the time at which the claim arose is an "elementary procedural precept", the absence of which renders the claim jurisdictionally defective in that the State's waiver of immunity and consent to be sued is conditioned upon compliance with all jurisdictional requirements, including notice (*Buckles* v. *State of New York*, 221 N. Y. 418). We concur in this conclusion. All elements of the claim need not be set out with formalistic rigidity, but it must convey notice to the State to enable it to properly investigate, defend, and/or settle the claim (see *Chalmers & Son* v. *State of New York*, 271 App. Div. 699, affd. 297 N. Y. 690), and the time at which the claim arose is clearly an important element of such notice. The time of accrual is essential to determine not only the applicability of the Statute of Limitations but also the amount of damages involved (*Chalmers & Son* v. *State of New York, supra*). And while the claims here are for continuing damages, and no claim should be dismissed if the claimant is unable to ascertain the time at which it arose, it has never been claimed or shown that the appellants were unable to learn the time. Moreover, if the damages are, in fact, continuing, there is nothing to prevent appellants from filing new claims every 90 days (Court of Claims Act, § 10, subd. 3). We do not consider *Rizzo* v. *State of New York* (202 Misc. 439, mot. to dsm. app. granted, 4 A D 2d 841) relied upon by the appellants as controlling on this issue. Orders affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK CORSON, Appellant, v. JAMES J. MORROW, as Director of Woodbourne Rehabilitation Center, Respondent.— Judgment affirmed, without costs, on the authority of *People ex rel. Zervoulakos* v. *Morrow* (34 A D 2d 695). No opinion. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur.