CHARLES BOMMARITO, Respondent, *v.* STATE OF NEW YORK, Appellant.

Fourth Department, January 14, 1971.

*Louis J. Lefkowitz, Attorney-General* (*B. Lawrence Radlin* and *Ruth Kessler Toch* of counsel), for appellant.

*Fiesinger & Rose* (*Edward J. Rose* of counsel), for respondent.

MARSH, J. On September 7, 1969 claimant was stopped by a New York State Trooper for speeding, and during the course of the arrest, it is claimed that the trooper assaulted him. Subsequently, the trooper took him before a Justice of the Peace where he was charged with driving while intoxicated. After arraignment he was committed to the Herkimer County jail where he remained until September 19, 1969 when he furnished bail.

The 90-day period allowed for filing this claim under subdivision 3 of section 10 of the Court of Claims Act expired on December 6, 1969. On December 9, 1969 claimant consulted an attorney and this motion for permission to file a late claim was made on December 16, 1969.

Subdivision 5 of section 10 of the Court of Claims Act allows the Court of Claims to permit a late filing of a claim when the State has not been substantially prejudiced if the claimant shows a reasonable excuse for the failure to file within the 90-day period and the State had actual knowledge of the facts which form the basis of the claim. These requirements are set out in conjunctive form, and, therefore a failure to satisfy any of these requirements is fatal. (*Crane* v. *State of New York,* 29 A D 2d 1001.) Since all of section 10 is jurisdictional in character, particularly the timeliness of filing, the provisions must be strictly construed. (*Buckles* v. *State of New York,* 221 N. Y. 418; *Dimovitch* v. *State of New York,* 33 A D 2d 146; *Crane* v. *State of New York, supra.*)

Unless the claimant is able to establish a reasonable excuse, a motion for permission to file a late claim should be denied. (*Landry* v. *State of New York,* 1 A D 2d 934, affd. 2 N Y 2d 927; *Schroeder* v. *State of New York,* 252 App. Div. 16, affd. 276 N. Y. 627.) The only excuse offered by claimant for his failure to file the claim within the 90-day period is his incarceration in the county jail for the first 12 days of the period. There is no allegation that claimant was unable to contact an attorney for the purpose of filing a claim during his 12-day incarceration, nor is there any indication why claimant failed to file a claim within the 78 days following his release. If claimant could contact an attorney three days after the 90-day period had expired, there is no reason presented here why this could not have been done well within the period. (Cf. *Crane* v. *State of New York, supra.*)

Claimant has also failed to make any showing that "the State or its appropriate department had * * * actual knowledge of the essential facts constituting the claim." (Court of Claims Act, § 10, subd. 5.) He merely alleges an assault by a New York State Trooper. There is no allegation of actual knowledge other than that of the alleged tort-feasor himself. The pur-

pose of requiring notice is to apprise the State of the claim and give it an opportunity to investigate. (*Chalmers & Son v. State of New York,* 271 App. Div. 699, affd. 297 N. Y. 690; *McMahon v. State of New York,* 173 Misc. 1004, affd. 261 App. Div. 879.) Certainly this purpose would not be fulfilled if knowledge of the acts charged, imputed by claimant to the State employee, were to be considered actual knowledge of the State of the essential facts constituting the claim.

The fact that the State may not have been actually prejudiced by the delay is immaterial since neither of the other two concomitant elements of subdivision 5 of section 10 has been complied with. (*Society of New York Hosp. v. State of New York,* 21 A D 2d 733.) While prejudice to the State precludes granting relief pursuant to subdivision 5 of section 10, the absence of prejudice does not permit a waiver of the necessary prerequisites. (See *Dimovitch v. State of New York,* 33 A D 2d 146, *supra; Crane v. State of New York,* 29 A D 2d 1001, *supra.*)

The order should be reversed and the motion denied.

DEL VECCHIO, J. P., WITMER and HENRY, JJ., concur.

Order unanimously reversed without costs and motion denied.