JAMES FOLTS, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Under the provisions of the act of 1870 (Chap. 321, Laws of 1870), limiting the time for filing claims against the state to two years from the time the damages accrued, when a claim is presented and proved for continuous damages, part accruing within the. two years, the claimant is entitled to recover the damages so accruing ; it is only such damages as accrued before that time which are barred by the statute.

*It seems,* under the provision of the act of 1883 (§ 10, chap. 205, Laws of 1883), establishing the board of claims, which authorizes an appeal to

this court from an award by said board when the amount in controversy exceeds $500, the amount in controversy is the amount of the claim presented, or the amount which the board of claims may legally award the claimant under the proofs, including interest, in a proper case for the allowance of interest.

(Submitted January 15, 1890; decided January 31, 1890.)

THE nature of the appeal and the facts, so far as material, are stated in the opinion.

*J. B. Rafter* for appellant. The board of claims had jurisdiction to hear and determine the claim. (*Clement* v. *State,* 105 N. Y. 621; *Heacock* v. *State,* Id. 246; *Collins* v. *State,* Id. 641; *Reed* v. *People,* 13 N. Y. S. Rep. 815.) The statute of limitations is not a bar, to the whole at least, of the claimant's claim. (*Reed* v. *People,* 13 N. Y. S. Rep. 815; 8 id. 172; *Arnold* v. *H. R. R. R. Co.,* 55 N. Y. 661; *Corkings* v. *State,* 99 id. 499; *McMaster* v. *State,* 103 id. 555.) The damages and injuries complained of were continuing damages during the years stated. (*Heacock* v. *State,* 105 N. Y. 252.)

*John W. Hogan,* deputy attorney-general, for respondent. The amount in controversy is not sufficient to give this court jurisdiction of the appeal, and the appeal should, therefore, be dismissed. (*Lewis* v. *State,* 96 N. Y. 71; Laws of 1870, chap. 321; Laws of 1883, chap. 205; *Reed* v. *State,* 108 N. Y. 407.) This court has no jurisdiction to review the award or order made by the board of claims. (*Chaphe* v. *State,* 117 N. Y. 511; *King* v. *Galvin,* 62 id. 238; *Roosevelt* v. *Linkert,* 67 id. 447; *Brown* v. *Sigourney,* 72 id. 122; *Van Gelder* v. *Sigourney,* 81 id. 128; *Knapp* v. *Deyo,* 108 id. 518.)

POTTER, J. This is an appeal from an order made by the board of claims on the 10th day of June, 1885, dismissing the claims of the appellant, upon the ground that it appeared upon the face of the claims that they were barred by the statute of limitations, and that the board of claims had not jurisdiction to hear and determine the same.

The claims were in due form and verified, and were duly presented on the 9th day of December, 1878, to the canal appraisers and filed under the law then in force, and not having been heard or determined under such law, were transferred under the act, chapter 205 of the Laws of 1883, to the board of claims, and were by this tribunal heard and determined by dismissing the entire claim as above stated.

The question to be determined upon this appeal, therefore, is whether all the claims of the appellant were barred by the statute of limitations.

The claims presented were for damages to the claimant's land, to the trees growing thereon and his well of water located thereon, for labor in making and raising a roadway thereon above the wet soil, and digging ditches to carry off the water which flowed thereupon from the respondent's canal, and the fences injured or carried away by the same, and the temporary use and occupation of the claimant's lands by the respondent, its officers and employees, in making repairs to the canal, the injury to the grass thereon and the removing therefrom the debris left by the respondent.

From the respondent's points it appears that while, at and before the time of making the award upon these claims, it had been held by the board of claims that damages arising from a continuing injury caused by the canal were barred by the statute of limitations, unless filed within two years from the time when the damages first accrued; the Court of Appeals has, since the award in this case was made, held that a party presenting and proving a claim for continuing damages is entitled to recover for the damages accruing within the period of the two years immediately prior to the time of filing the claim. (*Reed* v. *The State of N. Y.*, 108 N. Y. 407.)

The respondent concedes, under this holding, that the board of claims erred in dismissing the entire claim, and that that court should have awarded the appellant a portion thereof, at most the sum of $213.50, and that as this sum is less than $500, the amount that is necessary to give this court jurisdiction, this court should dismiss the appeal and thus deprive the

appellant of the sum, or of an opportunity to prove the sum, which the counsel for the state concedes the state owes the appellant.

It was no doubt pretty hard upon the claimant when the court ruled that he was not entitled to receive anything from the state, because he had not demanded it earlier and oftener, or, in the language of Judge EARL in *Corkings* v. *State* (99 N. Y. 499), "when the state has no other or better defense than the statute of limitations." But it would seem to be harder still that a claimant, whose entire claim was rejected upon the statute of limitations, if the respondent should now be allowed to defeat the portion of the claim which the statute of limitations cannot defeat, by having the appeal dismissed for the reason that that portion of the claim does not amount to $500, and that, too, in a case between the citizen and the state standing *in loco parentis*.

If the concession or the assumption of the State is true, viz.: That the statute of limitations cannot prevail against a portion of the claim, it would seem apparently as easy as it is just for the State to have tendered a stipulation to the claimant modifying the award by allowing so much of his claim as the statute of limitations cannot defeat, or an opportunity to prove that portion.

But in the absence of such disposition of this appeal between the claimant and the State, we must examine and dispose of the appeal.

Under the statute of 1870 (chap. 321), and that of 1883 (chap. 205), there can be no question that the board of claims had jurisdiction of the claims presented and to make an award against the state, if the proof should sustain the claim as presented, aside from the statute of limitations. The State does not contend to the contrary. The question now to be considered is when the statute of limitations begins to run upon the claims? Section 2 of the act of 1870 (*supra*), requires that the claimants "shall file their claims in the office of the canal appraisers within two years from the time said damages shall have accrued, but claims for damages which shall have accrued

more than one year prior to the passage of this act shall be filed within one year from the date hereof."   *   *   *

There can be no contention or difference of opinion that claims involved in this appeal must be presented within two years from the time damages accrued, and the Court of Appeals has held that, in the case of continuous injury, the damages accruing within the two years immediately preceding the time of filing the claim, are not barred by the statute. (*Colrick* v. *Swinburne*, 8 N. Y. S. R. 173, opinion by Judge ANDREWS; *Uline* v. *N. Y. C. & H. R. R. R.* 101, N. Y. 98.)

This conclusion requires that the award be reversed and the claim sent back to the board of claims for a rehearing.

It may not be amiss to add, upon the subject of dismissing this appeal, that we understand by "the amount in controversy," in section 10 of the act of 1883 (*supra*), to be the amount of the claim presented, or the amount which the board of claims may legally award the claimant under the proofs, including interest in a proper case for the allowance of interest.

Looking at the claim, with the dates as therein stated, and excluding those items which may be excluded, as shown by their dates not to be within the two years immediately preceding the time of filing the claim, the claimant *may* be awarded $501, without including any interest, and if the proof given upon the hearing should show that some of the items, which now appear to be outside of the two year period, were, in fact, within that period, the board of claims, by the exercise of the power of amendment which it possesses, and the liberality with which claims of this character are to be treated, the award might be considerably above $500. In any view of this appeal, the award should be vacated and the board ordered to rehear the claims.

All concur.

Ordered accordingly.