HENRY DUFEL, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Third Department, July 7, 1921.

Canals — land appropriated by overflowing — measure of damages is difference between value before appropriation and after — owner entitled to recover for loss of use of land and crops between actual and statutory appropriation — evidence supports award made — claim for crops lost is accrued at end of crop season — notice of intention to file claim filed more than six months after opening of canal season is filed in time.

The measure of damages for land appropriated by the State for canal purposes through overflowing caused by the destruction of a dam in the Mohawk river, is the difference in value immediately before the fact of appropriation and the value of the property as it was immediately after the appropriation, and the measure is not to be determined by the difference in value immediately before the statutory appropriation and immediately thereafter.

The owner of land which has been appropriated by overflowing caused by the construction of a dam is entitled to recover damages for the loss

of the use of the land and crops destroyed between the time of actual appropriation and the time of statutory appropriation, at which time the State became legally liable to pay for the land.

On all the evidence, *held*, that the amount of damages fixed was sustained by the evidence.

Where the claim is for loss of the use of the land and crops destroyed by flooding each year, a notice of an intention to file a claim which under section 264 of the Code of Civil Procedure must be filed within six months after such claim shall have accrued, is filed in time, where it is filed on November twenty-seventh, though the actual flooding of the land commenced on May first, more than six months before, for the injury to crops is an injury to the season's crops, and it is a fair construction of the statute that the claim by the landowner for injury to crops and for the loss of use of lands accrues during the crop season and is accrued at the end of the season.

APPEAL by the defendant, The State of New York, from a judgment of the Court of Claims in favor of the plaintiff, entered in the office of the clerk of said court on the 28th day of May, 1920.

*Charles D. Newton*, Attorney-General [*Carey D. Davie* of counsel], for the appellant.

*Charles E. Hardies*, for the respondent.

VAN KIRK, J.:

The claimant filed four claims against the State, one claim being for the land appropriated for the Barge canal, and three claims being for injuries to crops and the loss of use of land prior to the statutory appropriation. Although items of land damages were included with the claims for loss of crops and the use of the land, by agreement of counsel in open court those items were abandoned and the claim for land damages presented under the general claim for land appropriated; also all the claims were held to be tried together, after the statutory appropriation should be made by the State.

The claimant is the owner of two farms in Montgomery county in the Mohawk valley. One of the farms, called the Dufel farm, contains 160 acres, 100 acres of which is flat land bordering upon the river; the other farm, called the Zeilley farm, contains 133 acres, of which 33 acres is flat land bordering upon the river. In 1912, under the Barge Canal Act, chapter 147 of the Laws of 1903, as amended, the State

began the construction of a dam across the Mohawk river about one mile below claimant's farms, and in 1913 completed it. The State did not appropriate, as by statute provided, such of claimant's lands as it intended to take permanently until March 29, 1917.

Claim No. 2789-A is for crops and loss of use of land upon the two farms in 1915; claim No. 14722 is for loss of the crops and use of the lands on the Dufel farm, and claim No. 14723 is for similar loss on the Zielley farm in 1916; and claim No. 15161 is for land damages under the appropriation.

The State objects to the award under claim No. 15161 on the ground that the measure of damages for the taking of land adopted by the court was erroneous. The appellant entirely mistakes the rule applied by the court. The value of the land in the year 1912 was not considered. The State had taken physical possession of this land in 1913; but it did not make its actual appropriation, so that the claimant could be paid therefor, until March 29, 1917. There was no actual diminution at the time in the value of the farm by this statutory appropriation. The damage had been done largely by the previous taking and use of the land by the State. If the claimant was required to literally prove the value of the farm immediately before the statutory appropriation and immediately after the statutory appropriation, to establish his damages, the two values must have been practically the same. The rule adopted by the court is the usual and proper rule to be applied in such cases, as follows: " The difference in the value of these farms on the day of the appropriation and immediately before the fact of the appropriation, * * * if they had not then been subject to being overflowed and were not overflowed, and the value of the property as it was immediately after the appropriation; and that * * * does not involve the question of time; it is a difference in condition." This is the language of the court and states the rule which the appellant apparently contended for at the trial. It is not only the right rule, but one which the State should insist upon, because it permits the State to avoid taking advantage of its own wrong.

The appellant also claims that there is a duplication of damages. It argues that the claimant has recovered for each

year's damages and now, in these land damages, recovers some of the same damages. In this the appellant is mistaken. The recoveries for damages before the statutory appropriation were solely for the loss of the use of the land and crops destroyed. The State waited three crop years, after having actually deprived the claimant of the use of his land, before it legally appropriated the land and became liable to pay therefor. Plainly the claimant has a right to pay for the use of his land up to the time he receives his compensation for the land, after which time the use and earnings of the compensation take the place of the use of the land. There is no duplication in the damages awarded.

Complaint is made as to the amount of damages fixed under claims 2789-A and 15161. I have examined the evidence offered as to each of these claims, and the evidence sustaining the awards is entirely sufficient. For the purpose of fixing the land damages, the court actually inspected and tested the land. I find no error in the award made under either claim.

With reference to claims 14722 and 14723 it is objected that the notice of intention to file a claim was not filed " within six months after such claim shall have accrued." (Code Civ. Proc. § 264.) This presents the one difficulty in the case. In each claim it is alleged that the closing of the dam for the beginning of canal navigation caused the waters of the river to overflow the lands of the claimant, " commencing about May 1, 1916, and continuing to this date," by reason of which claimant's lands were injured, crops were injured and destroyed and claimant was prevented from occupying his lands and cultivating them. In each case the notice of intention to file a claim was filed November 27, 1916, and the claim itself was filed December 2, 1916. The obstruction of the river by the dam constructed by the State was not permanent. The dam was not a fixed structure, but was a series of gates, one or all of which could be raised at any time. At the close of canal navigation in the fall these gates were raised and at opening of navigation in the spring they were closed and the waters of the river above the dam impounded, and it was intended to hold them substantially at a fixed level. This, experience has taught, is not possible. Heavy rains increase the volume of water in the river, and the level

of the pond is raised. The gates cannot be, or have not been, so adjusted as to accommodate this increased volume and maintain a fixed level. Because the obstruction is not permanent and does not cause a continuous, permanent condition of flowage on the claimant's lands, a number of the cases cited by the appellant do not apply.

Section 264 of the Code of Civil Procedure applies to these claims. The conditions imposed by this section are jurisdictional and determine the status and right of the litigant, and the Court of Claims had no jurisdiction to hear and determine these claims except the notice was given as required by this section of the Code. (*Buckles* v. *State of New York*, 221 N. Y. 418, 424.) The question here is, when did these claims accrue? The position of the appellant is that each claim accrued on May 1, 1916; and, since the notice of intention to file a claim was not filed until November 27, 1916, more than six months had expired. These claims are not similar to negligence actions, causing personal injuries, in which the cause of action accrues when the wrongful act is committed and the accrual of the cause of action does not await a full disclosure of the injuries and their extent. Nor are the damages claimed occasioned by a permanent and fixed structure. In this case the wrong was a continuous, but varying, trespass during the canal navigation season, which is also the crop season each year. In *Reed* v. *State* (108 N. Y. 407) a similar question was decided. The State had constructed a reservoir as a feeder for the Erie canal. Water from this reservoir passed through gravel soil by subterranean channels and was discharged upon the claimant's land. The court said (p. 414): " The Statute of Limitations is not a bar to this claim. The claim cannot be maintained upon the theory of a permanent appropriation by the State for canal purposes of the land flooded. The cause of action is continuing, and arises from time to time as injury is inflicted upon the claimant's property by fresh percolations and floods, and will continue until the cause thereof ceases to exist." In *Folts* v. *State of New York* (118 N. Y. 406) the claim was for damages to land, growing trees, etc., in making repairs to the canal. The Statute of Limitations there considered was section 2 of chapter 321 of the Laws of 1870, which required that the

claimants " shall file their claims in the office of the Canal Appraisers within two years from the time said damages shall have accrued." The court held that, in the case of a continuous injury, damages accruing within the two years immediately preceding the time of filing the claim are not barred by the statute. In that case the award had covered some damages which accrued more than two years before the claim was filed and the claim was sent back for a rehearing. Under the decision in the *Folts* case, it seems plain to us that the claimant can recover at least the damages which he suffered after May 27, 1916, six months before he filed his notice of intention to file a claim. The question here is as to the damages, if there be such, which accrued between May 1 and May 27, 1916. The expression " claim accrued " is not identical with the expression " cause of action accrued." The claim accrues when it matures, and the words " claim accrued " have the same meaning as " damages accrued." Morally the State should be held liable for the injury it did during the season of 1916. It refrained from taking such steps as would permit the claimant to have compensation for his lands which were to be taken, and the State alone could prosecute those proceedings. The injury to crops is an injury to the season's crops, and it is a fair construction of this statute that his claim for injury to crops and for the use of crop lands accrues during the crop season and is accrued at the end of the season. It is then and then only that his damages and his claim have matured, have accrued. Not until then can he know the conditions of the season, the rains or drought, to what extent his lands would be overflowed and made sour and wet by water seeping through the flat lands and passing through the drains which he had placed in his lands under higher ground to lower ground. Some damages were suffered before and some after May 27, 1916, but it would be practically impossible to separate those damages suffered before May twenty-seventh from those suffered after that date, because the damages are the damages of the season. The notices of intention to file the claims were filed within the time limited.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.