Vincenzo Mayright and Another, Claimants, *v.* The State of New York, Defendant.

Claim No. 17454.

Court of Claims, January 26, 1925.

State — claim against State for damages to crops by seepage from Erie canal — crops destroyed before maturity — date of accrual of damages was close of crop season — claimant entitled to rental value of land, cost of seed, preparation of ground and planting — claimant not required to relieve situation along canal to mitigate damages.

Claimant is entitled to damages for the loss of his crops, killed by reason of seepage from the Erie canal, where it appears that the State was negligent in permitting said seepage and that claimant suffered a loss of livelihood by reason of it. The measure of claimant's damages, which did not accrue until the close of the crop season, is the rental value of the land for the season, the cost of the seed, preparation of the ground, and planting, since the crops were destroyed before maturity.

Claimant was not bound, in order to mitigate his damages, to relieve the situation along the canal where the expense would have been more than the value of his property.

Motion to dismiss claim for damages to crops by seepage from canal.

*A. B. Rider,* for the claimants.

*Milton E. Gibbs, Deputy Attorney-General,* for the State of New York.

Ackerson, P. J.:

It appears that these claimants owned about thirty-five acres of land in the town of Manlius, Onondaga county, N. Y.; that it was clay and muck land adjoining the Erie canal; that in the

spring of 1922 they plowed and planted at least eight and three-fourths acres of this to peas, beans, oats and sweet corn; that these crops were practically all killed by seepage from the canal. There is practically no controversy about these facts.

The State defends on two propositions: *First,* that the damages all accrued more than six months before the filing of the claim; *second,* that the claimant took no steps to mitigate his damages.

As to the first objection, it would seem, under the doctrine of *Dufel* v. *State* (198 App. Div. 97) that we must consider that the date of the accrual of the damages was the end of the crop season, which in this case would be October twentieth. These crops having been destroyed before maturity, the claimant was entitled to the rental value of the land for the season, the cost of fitting the ground and planting the seed, and the cost of the seed that was planted. All of these damages, as we read the above case, must be considered as accruing at the end of the crop season.

As to the State's second defense, it does not appear from the evidence here that there was anything which the claimants could have done to protect themselves from this seepage which would have been practicable. A ditch or ditches might have been dug that would have helped the situation, but the expense would have been more than the property was worth.

It would seem, therefore, that the claimants under the circumstances should be compensated for the small loss which they suffered, but which undoubtedly means much to them. All their labor and expense for the season was lost. It was a tragedy to them. The seepage from the State's canal deprived them of the means of a livelihood. As there can be no doubt that the State was at fault, the court should endeavor, if consistent with the law, to see that justice is done. A fair and reasonable application of the law as we understand it to the facts of this case warrants us in giving an award to the claimants of $172.13 for the damages they have suffered.

The motion made by the counsel for the State upon the trial at the conclusion of the claimants' case to dismiss the claim herein, and the decision of which motion was reserved by the court until it came to decide the case, is hereby denied, with exception to the State.

SMITH, J., concurs.