EDLUX CONSTRUCTION CORPORATION, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 23935.)

Third Department, November 10, 1937.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden* and *Joseph I. Butler, Assistant Attorneys-General,* of counsel], for the appellant.

*James Gibson,* for the respondent.

HILL, P. J.   The State, appealing from a judgment of the Court of Claims in favor of claimant, asserts that the claim is based on a breach of contract by the State which occurred on or prior to May 4, 1933, and that there may not be a recovery as notice of intention to present a claim was not filed until January 28, 1935.   Section 15 of the Court of Claims Act provides: " A claim for breach of contract   *   *   *   shall be filed within six months after the accrual of such claim."   The contract which is the basis for the claim was approved by the Department of Public Works on December 28, 1932.   The work was to be completed on or before March 1, 1933.   Claimant, for justifiable reasons, abandoned the work on May 4, 1933.   Final payment could be made only upon the certificate of the Superintendent of Public Works showing

the amount of the final estimate payable to the contractor, and further, that the contract had been finally completed in accordance with the plans and that all laborers employed on the work had been paid. Such a certificate and estimate, approved by the engineer on October 27, 1934, and delivered to the claimant on the thirtieth of that month, stated that $2,259.69 was due to claimant. He receipted therefor, " reserving the right to file a claim in the Court of Claims " for the balance which he claimed to be due. The Comptroller in December refused to pay any amount. The claim was filed January 28, 1935.

" The expression ' claim accrued ' is not identical with the expression ' cause of action accrued.' The claim accrues when it matures, and the words ' claim accrued ' have the same meaning as ' damages accrued.' " (*Dufel* v. *State of New York*, 198 App. Div. 97, 102.) In *Morrison & Quinn, Inc.*, v. *State of New York* (204 App. Div. 623) a lock which claimant was constructing was flooded on February twenty-sixth through the negligence of the State. The claim was filed more than six months after that date. The opinion states: " The damages could not be ascertained until the water had been pumped out, and that process occupied the time from the date of the setting back of the waters until March third * * *. When the lock that appellant was building was pumped out, and it was able to take an account of the situation, then and not till then was the extent of the damage ascertained, and at that time the claim accrued " (p. 627). In *Paduano* v. *State of New York* (203 App. Div. 503) claimant was the lessee of a stone quarry adjacent to the Barge canal from which water leaked into the quarry to an extent that made it impossible to conduct quarrying operations. The opinion states: " The claim could not accrue until the claimant discovered by an attempt to quarry the stone that he was prevented therefrom by the negligent act of the State, and six months had not elapsed after that time before the notice of intention to file claim was filed " (p. 507). The Court of Claims in *Waples Co.* v. *State of New York* (16 Ct. Claims, 54) stated that a claim did not accrue until " the State Architect certified the final payment." The judgment was affirmed by the Appellate Division (178 App. Div. 357).

A cause of action accrues and the Statute of Limitations begins to run when a contract is breached (*Northrop* v. *Hill*, 57 N. Y. 351), or when one omits the performance of an obligation (*Bank of Utica* v. *Childs*, 6 Cow. 238; *Argall* v. *Bryant*, 1 Sandf. 98; *Campbell* v. *Culver*, 56 App. Div. 591), although damages may not accrue until a later date. But the Statute of Limitations does not begin to run until there is opportunity to enforce the obligation. (Civ. Prac. Act, art. 2.) There is not one law for the sovereign and

another for the subject (*People* v. *Stevens*, 71 N. Y. 549), and a cause of action came into being in this case when the contract was breached by the State. "Therefore, a breach of its contract by the State creates a valid cause of action. Immunity of the State from suit merely prevents its enforcement. When, however, the State confers upon a court jurisdiction to hear and determine all claims against it, or all claims of a particular class, the situation in that court is the same as if the claim were against a private individual or corporation." (*Quayle* v. *State of New York*, 192 N. Y. 47, 50.) When the *Quayle* case was decided the present last sentence of section 12 of the Court of Claims Act ▌ read: "But the court has no jurisdiction of a claim submitted by law to any other tribunal or officer for audit or determination," and it was determined that the remedy of a claimant whose claim under an express contract had been audited and rejected by the Comptroller was by certiorari to review his determination. After that decision the following words were added to the sentence (Laws of 1908, chap. 519), "except where the claim is founded upon express contract and such claim, or some part thereof, has been rejected by such tribunal or officer." The Comptroller is the general auditor of the State (*People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70) and is required to "examine, audit and liquidate the claims of all persons against the State, if payment thereof out of the treasury is provided for by law." (State Finance Law, § 4, subd. 4.) Until audit by the Comptroller in December, 1934, there was no court in which suit could have been maintained on this claim, for the State may not be sued without its consent and then only at the time and in the court provided. (*Nellis* v. *State of New York*, 204 App. Div. 178; *Pittsburg & Shawmut Coal Co.* v. *State of New York*, 118 Misc. 50; *Lupfer* v. *State of New York*, Id. 601; *M. L. Improvement Corporation* v. *State of New York*, Id. 605.) It is absurd to contend that a Statute of Limitations within which a claim must be sued runs when there is no court or tribunal before which the State can be summoned to answer the suit. (*Parmenter* v. *State*, 135 N. Y. 154; *Sanford* v. *Sanford*, 62 id. 553.) The claim had not "accrued" and the Statute of Limitations did not begin to run until the audit and rejection. (§ 12, *supra*.) The filing of the claim during the month following the audit was timely.

The judgment should be affirmed, with costs.

CRAPSER and HEFFERNAN, JJ., concur; McNAMEE and BLISS, JJ., dissent and vote to dismiss the claim; McNAMEE, J., with an opinion in which BLISS, J., concurs.

McNAMEE, J. (dissenting). On December 28, 1932, claimant entered into a contract with the State for the performance of construction work and the furnishing of materials at Sing Sing Prison, and was to be paid therefor the sum of $17,085, the work to be completed on March 1, 1933. The claimant abandoned the work on May 4, 1933, contending the State had breached the contract, and on January 28, 1935, filed its claim for damages in the sum of $10,581.91, for work and materials. No other claim nor notice of claim was filed. No claim on account of delay was asserted. After trial the court gave judgment for the full amount and interest, amounting to $12,179.87.

It appears from the prevailing opinion below that, after the abandonment by the claimant, a final estimate of the work performed was made, and that the claimant signed and presented a proposed receipt for the amount said to be payable, and payment by the State was refused. It also similarly appears that the proposed receipt purported to " reserve " to the claimant the right to file a claim at some unspecified future time.

The Attorney-General resists the claim in the main on the ground that the Court of Claims had no jurisdiction of the subject-matter, because the claim, or notice thereof, was not filed within the period allowed by the statute, after its accrual.

The claimant urged, and the court below found, that claimant's contract rights had been violated by the State, and that the abandonment of the work by claimant on May 4, 1933, was legally justifiable. Accordingly, contract relations thereupon terminated; and, if so, a cause of action at once accrued to the claimant against the State. (*Crowley* v. *Johnston*, 96 App. Div. 319, 321, 322; *Campbell* v. *Culver*, 56 id. 591; *Northrop* v. *Hill*, 57 N. Y. 351, 355; *Henderson* v. *State of New York*, 115 Misc. 25, 30, 31; *Bank of Utica* v. *Childs*, 6 Cow. 238.)

But the claimant contends, and the Court of Claims held, that the claim did not accrue, and the time limited by the statute did not begin to run until the final estimate had been certified by the engineer in charge, on October 27, 1934. The making of an estimate, final or otherwise, of the amount of work done and furnished by the claimant, after it had abandoned the job and before letting the work to another contractor, cannot in law or in reason be held a revival or a continuance of contract relations with claimant. Those relations had ended on the election of the claimant. Nothing occurred between the State and the claimant to revive or renew them, nor was there any attempt to that end; on the contrary, the State let the contract to another. Thus the abandonment occurred, and the cause of action arose on May 4, 1933, and the

claim was not filed until January 28 1935, a year and eight months thereafter.

Section 15 of the Court of Claims Act, as then in effect and in so far as material, provided: " No claim other than for the appropriation of land shall be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Court of Claims and with the Attorney-General either a written claim or a written notice of intention to file a claim." It has been held repeatedly that the filing of the claim within the statutory period is jurisdictional, and that a failure so to file is fatal. (*Buckles* v. *State of New York*, 221 N. Y. 418, 424; *Henderson* case, *supra*.) In like manner it has been held that a failure to file a notice of claim deprived the Court of Claims of jurisdiction. (*Butterfield* v. *State of New York*, 221 N. Y. 701; *Lupfer* v. *State of New York*, 118 Misc. 601, 603, 604.) That such was the purpose and result of the statute then in force is made further evident by the subsequent amendments thereof, which now permit the Court of Claims to extend the time to file in specified instances and for good cause shown, upon application to that court. (Laws of 1936, chap. 775; Laws of 1937, chap. 515.)

On the argument respondent's counsel urged that the case of *Waples Co.* v. *State of New York* (178 App. Div. 357) was an authority to support the judgment here. That case had to do with damages on account of extra work and delay alleged to have been caused by the State. In his opinion Judge LYON said, " practically the *only question* to be considered by us is whether they [items of claim] constitute legal claims against the State." The questions of accrual of the cause of action, or the timeliness of filing the claim, were not involved. The case has no application. In its brief the claimant argues that the case of *O'Dowd* v. *State of New York* (245 App. Div. 904) justified this judgment. There the Court of Claims found that " claimant did not abandon the contract," and, therefore, did not sever contractual relations; and the Appellate Division approved that finding. That was not true in this case. The two are fundamentally dissimilar.

The court below appeared to regard as significant the proposed receipt in which claimant " reserved " the right to file its claim at a future time. It is self-evident that the claimant by its own act could not extend its time to file a claim. " Reserving " such a right suggests raising one's self by his boot straps. The statute prescribed the period.

The judgment should be reversed and the claim dismissed, with costs to the State.

BLISS, J., concurs.

Judgment affirmed, with costs.