LUIGI DI LAURA and ARTHUR NENNI, Doing Business under the Firm Name and Style of DI LAURA & NENNI, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25315.)

Court of Claims, January 18, 1939.

*Arthur Rathjen,* for the claimants.

*John J. Bennett, Jr., Attorney-General [Alfred F. Spagnolo, Assistant-Attorney-General,* of counsel], for the defendant.

RYAN, J. This claim was filed to recover damages sustained by claimants because of leakage from the Barge Canal into the Medina sandstone quarry of which they were lessees. The period covered by the claim is from March 28, 1938, to the date of filing, September 28, 1938.

The question of liability of the State in respect to this particular quarry was litigated many years ago. Since then many successive claims based on a six months' period of continuing damage have been adjusted by the Claims Bureau of the State pursuant to the provisions of the Canal Law and upon an agreement of settlement and proof thereof in open court.

Similarly, an agreement was reached to settle this particular claim for the sum of $2,834. Upon appearance in court, however, the Attorney-General has raised the question that because of section 15 of the Court of Claims Act, as added by chapter 775 of the Laws of 1936, in effect May 28, 1936, claimants can recover herein only for the damages which they sustained during the

ninety days prior to September 28, 1938. Claimants have stipulated that if this court shall sustain the Attorney-General in his contention the award herein shall be for the sum of $1,417 only.

The question to be determined is this: When did the claim accrue? If the demand was for crop damage caused by leakage from the canal the answer would be: " At the end of the crop season." (*Mayright* v. *State*, 124 Misc. 682; *Dufel* v. *State*, 198 App. Div. 97.)

The determining factor is this: When can a claimant know the extent of his ascertainable damage? As in the *Dufel* case it was the end of the crop season, so in this case it seems to us that the rule of reason indicates that it is the end of the quarry season. It is true that one of the items of this claim, as of other quarry leakage claims, is that for the cost of pumping to unwater the quarry in March or April. It may be said that this cost was known to claimants when the unwatering was completed, a date well beyond the ninety-day period.

But claimants should not be and are not required to file a claim or notice of intention for each particular of their claim as it is determined, but, rather, when the whole extent of their claim can be ascertained. A similar question was raised and answered in *Paduano* v. *State* (203 App. Div. 503). (See State's brief on appeal, point II.)

The question of when a claim " accrues " was discussed recently and the authorities reviewed in *Edlux Construction Corp.* v. *State* (252 App. Div. 373; affd., 277 N. Y. 635). ·The *Dufel* doctrine was reiterated and approved.

We hold that claimants had ninety days from the end of the quarry season to file their claim. An award should be made for the amount of $2,834. Submit findings accordingly.

GIBBS, J., concurs.