MANUFACTURERS TRUST COMPANY, Claimant, *v.* STATE OF NEW YORK, Defendant.   (Claim No. 32584.)

Court of Claims, January 19, 1955.

*Charles J. Colgan* and *Donald F. Malin, Jr.,* for claimant.

*Jacob K. Javits, Attorney-General (David V. Seaman* of counsel), for defendant.

SYLVESTER, J. This controversy is submitted upon an agreed statement of facts. It appears that a corporation, known as 2131 Eighth Avenue, Inc. (referred to as " Eighth Avenue "), applied to the claimant on January 23, 1953, for an advance of money to finance a license to sell liquor which it sought to obtain from the State Liquor Authority. On January 28, 1953, claimant agreed to make the advance in return for " Eighth Avenue's " promissory note secured by an assignment by the terms of which " Eighth Avenue " assigned to claimant its right to receive back any moneys due it from the State in the event that the license was not granted. On January 28, 1953, claimant delivered its check in the sum of $1,200 payable " To the order of New York State Liquor Authority re 2131 8th Avenue, Inc.". Thereupon, " Eighth Avenue " applied for its license and deposited the check with the State Liquor Authority in prepayment of the license fee which would be due if its application was approved and the liquor license issued. The check was received by the State Liquor Authority on January 30, 1953, and was thereafter presented for collection by the Authority and the Comptroller of the State of New York and paid by claimant on February 10, 1953. It is stated that claimant would not have made the advance but for the agreement of " Eighth Avenue " that claimant would receive the returned deposit if no license was granted. The note, dated January 28, 1953, was payable in twelve monthly installments with the customary provisions for repayment and acceleration of maturity in the event of default. It is undisputed that " Eighth Avenue " failed to pay the installments due in February and March, 1953. On April 8, 1953, claimant notified the Comptroller of its interest in any possible refund, forwarding to the Comptroller the original assignment by " Eighth Avenue ". On April 10, 1953, claimant, because of " Eighth Avenue's " default in payments upon the note, declared the principal sum due and payable and demanded payment. No part of the note was paid by " Eighth Avenue " except the sum of $103.99. On May 14, 1953, the State Liquor Authority disapproved " Eighth Avenue's " license application and on May 25, 1953, instructed the Comptroller to pay to " Eighth Avenue " the sum of $1,185 (the amount of the deposit less the $15 deduction authorized by Alcoholic Beverage Control Law, §§ 54, 64), by sending to the Comptroller a " refund order " in that amount. Claimant was first made aware of the disapproval and refund order by a letter from the Alcoholic Beverage Control Board dated September 25, 1953. On August 3, 1953, claimant recovered

a judgment against " Eighth Avenue " for the balance of the advance due it. On November 23, 1953, the Comptroller paid $139.92 for the account of " Eighth Avenue " to the New York State Unemployment Insurance Fund in satisfaction of a claim for unemployment insurance contributions owed by " Eighth Avenue ". On the same day the Comptroller also paid $500 to the State Liquor Authority in satisfaction of a claim by the Authority against " Eighth Avenue " on a defaulted bond. The claim of the New York State Unemployment Insurance Fund for $139.92 arose on the following dates: $2.03 on September 15, 1952, $3.19 on December 24, 1952, $69.85 on January 31, 1953, $58.97 on April 30, 1953, $1.83 on May 15, 1953, and $4.05 on July 31, 1953, these amounts being unpaid contributions and interest due on late payments previously made. The claim of the State Liquor Authority for $500 arose on May 8, 1953, when a license revocation order was issued and mailed to " Eighth Avenue ".

The action concerns itself solely with the afore-mentioned items of $139.92 and $500 paid by the Comptroller, totaling $639.92.

Claimant asserts that its claim accrued either November 23, 1953, when the Comptroller made the payments heretofore referred to, or on April 14, 1954, when he rejected claimant's demand for payment. On the other hand, the State asserts that whatever claim inured to the claimant must have accrued on one of the following dates: May 14, 1953, when the State Liquor Authority disapproved " Eighth Avenue's " license application; May 25, 1953, when the State Liquor Authority instructed the Comptroller to pay to " Eighth Avenue " the sum of $1,185; or September 25, 1953, when claimant first learned of the disapproval and refund order by letter from the Division of Alcoholic Beverage Control.

It can hardly be disputed that the Comptroller has the general right to offset a valid claim of the State against one whose moneys are under his control. (*Capitol Distributors Corp.* v. *Kent's Restaurant,* 173 Misc. 827.) And it cannot be questioned that the transaction between the claimant and " Eighth Avenue ", its assignor, was clearly that of a loan. (See submission, paragraphs 3, 4, 5, 7, 8, 10, 12; exhibits A, B & C.) In *Taylor* v. *State of New York* (267 App. Div. 924–925), where a deposit in connection with a rejected liquor license application was involved, it was said " The fund advanced by claimant was a loan to the club. The State has the right to offset its claim for

unemployment insurance due against the deposit.'' But, unlike the instant case, it does not appear that there was an assignment of the fund from the applicant to the claimant, and it is conceded that the claimant in that case did not proceed on the theory of an assignment. The fund there seems to have been treated as belonging to the applicant. That distinguishes *Taylor (supra)* from the case at bar. Subdivision 1 of section 267 of the Civil Practice Act provides: '' If the action is founded upon a contract which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand existing against the party thereto or an assignee of the contract at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him.''

Subdivision 3 of section 9 of the Court of Claims Act, dealing with the court's jurisdiction, reads: '' To hear and determine any claim in favor of the state against the claimant, or against his assignor at the time of the assignment.'' Read together, these statutory provisions would appear to limit the right of setoff as against an assignee to claims of the State existing against the assignor at the time of the assignment. The fact that the State is a party to the action does not alter the applicable principle of law affecting the transaction. '' There is not one law for the sovereign and another for the subject ''. (*Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374–375, affd. 277 N. Y. 635; Court of Claims Act, §§ 8, 9, subd. 9.)

The State maintains, however, that the claim must be dismissed for lack of timely filing.

Subdivision 4 of section 10 of the Court of Claims Act requires that a claim of the instant character be filed within six months after the accrual of the claim. It may be assumed that the six months' provision of subdivision 4 of section 10 is applicable here, the claim being of a quasi-contractual nature. Having been filed on May 11, 1954, the claim can be said to have accrued on May 14, 1953, when the liquor license application was rejected, or on May 25, 1953, when the State Liquor Authority ordered the Comptroller to make the refund. It was then that the sum deposited was returnable to claimant. The fact that the claimant was unaware of the action by the State in rejecting the application would not toll the limitation period (*Guild* v. *Hopkins,* 271 App. Div. 234, affd. 297 N. Y. 477; *Schmidt* v. *Merchants Des-*

*patch Transp. Co.,* 270 N. Y. 287). The facts do show, however, that claimant learned of the license rejection and refund order on September 25, 1953, which was more than six months before the filing of the claim. Whatever damage claimant sustained could, in any event, be said to have been accrued. Timely filing is a jurisdictional requirement (*Wheeler* v. *State of New York,* 49 N. Y. S. 2d 939; *Buckles* v. *State of New York,* 221 N. Y. 418), which was not here complied with. Accordingly, the claim must be dismissed.