NORTHAMPTON CONSTRUCTION CORPORATION, Appellant, v. VILLAGE OF OCEAN BEACH, Respondent.— In an action to recover a balance due on a construction contract, the appeal is from an order granting a motion for summary judgment dismissing the complaint for appellant's failure to file a timely notice of claim in compliance with section 341-b of the Village Law. Order affirmed, without costs. No opinion. Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: The motion was granted because of appellant's failure to file a verified notice of claim within one year after the cause of action accrued as required by section 341-b of the Village Law. The Special Term in its memorandum decision stated it was doing so "reluctantly". The facts and circumstances herein are such as to warrant the denial of such relief to respondent for the reasons hereinafter stated and in any event, upon the ground that the interests of justice so dictate. The contract between the parties required appellant to construct a new village hall and to alter certain existing structures at an agreed price. The work was to be completed by August

10, 1956. The contract provided, *inter alia,* that if the work be stopped by the public authority for three months through no fault of the contractor, the latter may terminate the contract and recover the money due thereunder plus any loss sustained and a reasonable profit. The work was commenced on June 20, 1956. On July 13, 1956, 40% of the work was completed. At about that time a change in the village administration occurred. The new administration strenuously opposed the building of the village hall as contracted for. On July 13, 1956 appellant, without fault on its part, was ordered to cease work "for a reasonable length of time". No permission to resume work was ever granted. On July 13, 1956, and again on August 13, 1956, the village architect, pursuant to the contract, certified for payment $4,377 and $3,790, respectively, for work completed. These amounts were paid by the village. On January 4, 1957 the village architect certified $4,000 for payment and in a letter to the village attorney stated that appellant was actually entitled to $6,000. The village did not pay the said certified amount nor any further amount to appellant. Prior thereto, and on November 3, 1956, appellant served notice on the village, effective November 10, 1956, that it terminated the contract pursuant to the afore-mentioned provision as to stoppage of work. At that time the village knew that money was due to appellant as shown by the settlement negotiations and by the conferences between the parties which continued until February 28, 1957. Admittedly, when appellant served its original complaint (not involved herein) on September 23, 1957, the required formal notice of claim was not filed. That complaint alleged that the cause of action accrued on November 10, 1956, the effective date of the notice of termination. Respondent's answer to that complaint, served on October 28, 1957, made no reference to appellant's failure to serve a notice of claim in compliance with section 341-b of the Village Law. On January 10, 1958, more than one year after the termination of the contract, the village served an amended answer and for the first time pleaded appellant's failure to file the required notice of claim. It would appear that the service of the amended answer was untimely. However, this objection was not raised, and the parties entered into a stipulation discontinuing the then pending action. This stipulation reserved to respondent the right to set up as a defense appellant's failure to file a notice of claim. On January 24, 1958 appellant served a notice of claim and commenced the present action by serving a new complaint on April 25, 1958. The question presented is: when did the cause of action accrue, i.e., on November 10, 1956, the termination date of the contract, or on February 28, 1957, when the settlement negotiations ceased. Appellant urges still a third date, namely, October 28, 1957, when respondent served its original answer denying that it owed appellant any money, which denial it is claimed served as a rejection of appellant's claim. The village contends that the cause of action arose November 10, 1956, the effective date of termination of the contract, and that the notice of claim was not served until January 24, 1958, beyond the period of one year. The Special Term, in granting summary judgment to respondent, has sustained this contention. I disagree. In my opinion, the village and its representatives, with full knowledge of the existence of appellant's claim which was brought about solely by reason of the conduct of the new administration in preventing appellant from continuing with the construction of the village hall, deliberately interposed an answer to the original complaint avoiding any reference to appellant's failure to comply with the Village Law. By this conduct, appellant was lulled into a false sense of security. This clearly appears from the fact that the village withheld amending its answer to plead, as a bar, appellant's failure to file the notice of claim until January 10, 1958, when more than a year had elapsed from the date of termination of the contract. The conduct of the village, under the circum-

stances herein presented, in my opinion, constituted "a trap to catch the unwary", which should not be condoned nor countenanced. Assuming that the cause of action accrued on November 10, 1956, the original complaint verified September 10, 1957 may, for the purposes herein, be considered a notice of claim in substantial compliance with section 341-b of the Village Law. Under such circumstances, appellant should be given leave to amend its complaint accordingly. Appellant contends that in any event the cause of action did not accrue until February 28, 1957 when the conferences and negotiations concerning payment terminated. Appellant also argues that as late as January 4, 1957 the village architect certified $4,000 for payment which was not paid nor rejected and, accordingly, that the cause of action did not arise until October 28, 1957, when the village for the first time, in its answer, denied that it owed appellant any money. Should either of the above contentions be sustained, appellant's notice of claim served on January 24, 1958 would be timely. In my opinion, there is some merit to these contentions. However, on this motion for summary judgment, it is not necessary to decide the factual issues presented. Suffice it to say that under all the circumstances, there is every reason to deny respondent summary relief. The prime purpose of the notice requirement is to insure the municipality an opportunity to investigate the circumstances of the claim (*Teresta* v. *City of New York*, 304 N. Y. 440). The village in the case at bar had full knowledge of appellant's rights and claims. An individual under such circumstances would be estopped from denying liability, and by the same token the village in the case at bar should likewise be estopped from denying liability. "There is not one law for the sovereign and another for the subject" (*Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373, 374–375). To sustain the granting of summary judgment to respondent would result in unjust enrichment of respondent at appellant's expense, and without its fault.