MUNICIPAL SERVICE COMPANY, Respondent, *v.* TOWN OF COLONIE, Appellant.

Third Department, December 2, 1960.

*John W. Tabner* and *Robert P. Heywood* for appellant.

*Wiswall, Wood, Olson & Gordon* (*Carl O. Olson* of counsel), for respondent.

*Per Curiam.* Plaintiff entered into a construction contract with defendant town in 1956 in connection with a water filter plant extension. This action, commenced March 24, 1959, is to recover damages for breach of contract by interference with and hindrance of plaintiff's work by the town's engineer and an apparently separate, but not separately pleaded, cause of action to recover the amount of moneys withheld by defendant due on completion of the contract.

No date of alleged breach is pleaded as to either cause of action; nor is it specifically pleaded that the contract was completed so that the retained money would be due. The answer denies the assertion in the complaint that a notice of claim was filed within six months after the cause of action accrued; that the action was commenced within 18 months after the cause of action accrued; and that on May 3, 1958 plaintiff demanded payment. In addition to these denials an affirmative defense that the action was not commenced " within 18 months after the cause of action herein allegedly accrued " is asserted. The denials and the affirmative defense in the answer have all been stricken out by the Special Term as sham.

A sham pleading is one that is so bad in fact and so obviously false that it has no possible substance and could not conceivably result in a triable issue. It takes a much stronger showing to eliminate a pleading as sham than to obtain a summary judgment.

The crux of this controversy turns on when the cause of action for interference with plaintiff's work " accrued ", i.e., when it became actionable. A demand is not always a necessary condition precedent to a right to sue; and sometimes a delay in making a demand will not prevent the running of statutory limitations.

It seems possible, at least, from a long letter of complaint dated January 29, 1958, addressed by plaintiff to defendant,

to infer that the interference with the "delayed pursuit of this contract", which is one basis of the action, began shortly after August, 1956 when the contract was entered into.

"[N]o action" shall be maintained against a town "arising out of a contract" unless commenced within 18 months after it accrues; nor unless a claim is filed within six months after it accrues (Town Law, § 65, subd. 3). The claim against the town was filed July 25, 1958; the action, as it has been seen, was started March 24, 1959.

If the cause did not accrue until there was a demand for payment, it may well be that the action is timely here, since either the letter of January 29, 1958 or a later conference which is referred to in the moving affidavit and described on information and belief, but not on direct knowledge, and which occurred on May 3, 1958, might constitute such a demand.

It is not altogether clear that accrual of a cause of action for interference with work awaits some later formal demand by one party for payment, where both parties are necessarily aware of the interference and its results. Negotiations between parties, for example, have been held not to prevent the running of time for which it was necessary to file a notice of claim against a board of education (*Kinner* v. *Board of Educ.,* 6 A D 2d 204, 207).

There is a difference between "claim accrued" in the sense of need for audit against the State, and "cause of action accrued" under general principles (*Dufel* v. *State of New York,* 198 App. Div. 97, 102; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374).

The general rule is that the cause of action accrues when the wrong has occurred even though at that time all damage might not yet have occurred (*Northrop* v. *Hill,* 57 N. Y. 351). The rule stated in *Ganley* v. *Troy City Nat. Bank* (98 N. Y. 487) that the cause of action did not accrue against one who held for safekeeping the property of another until a demand for its return, seems applicable only to the kind of case the court then decided, i.e., "in all cases like this" (p. 494).

As it has been noted, the complaint before us does not allege the time when the cause accrued; the affidavit seeking to strike out as sham the denials of the answer as to accrual was based on information and belief and depended largely on a copy of a letter to the defendant town on which the affiant relied.

On this kind of record it cannot be determined with such certainty as to warrant striking out a pleading as sham that no part of the cause of action accrued before January 25, 1958 (six months before the claim was filed) or before September 24,

1957 (18 months before the action was commenced). We do not pass definitively on these questions; but hold mainly that the denials of accrual and the affirmative defense are not sham.

The order should be reversed and the motion denied, with $10 costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed and motion denied, with $10 costs.