JOHN L. JAYCOX, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 6476.)

Court of Claims, July 5, 1962.

*John C. Hinkle* for claimant. *Louis J. Lefkowitz, Attorney-General* (*Vincent H. Barlow, Jr.,* of counsel), for defendant.

RICHARD S. HELLER, J. This is an application for permission to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. The proposed claim seeks damages resulting from a destruction of crops and destruction of or damage to vines, bushes, trees, etc., resulting from the alleged leakage of fumes from a weed killer stored and used by the State on its premises immediately adjacent to the premises of the claimant.

The court finds that the requirements of actual knowledge by the State and no substantial prejudice to the State are established by the affidavits. The problem arises as to whether or not claimant has met the requirement that he show a reasonable excuse for the failure to file a notice of intention.

The claimant's affidavit and his claim place the time of the acts of the State resulting in the damage in the period from June 1, 1961, to August 31, 1961. The nature of the damage is such, however, that the time for the filing of either the notice of intention or the claim began to run not on the date of the occurrence of the event giving rise to the damage but when the extent of the damages could be ascertained. (*Allen* v. *State of New York,* 208 Misc. 385 and cases there cited.) The claimant's affidavit indicates a very considerable question as to

478

when the time for filing started to run since it indicates that it may well have been necessary to proceed into the next growing season before the claim had accrued for purposes of filing within the line of cases above referred to. This strong indication is somewhat weakened by the terms of the claim itself which alleges particulars of the claim far more limited than the allegations of damage contained in the affidavit.

Under the circumstances, however, the claimant is entitled to a full opportunity to establish the facts as to when the claim accrued for purposes of filing and this can best be done by evidence. (*Molinaro* v. *State of New York*, 23 Misc 2d 938.)

The fact that some of the damages to annuals might have been determinable immediately upon the event which gave rise to the damage, would not be controlling so long as there was some damage either apparent or real to perennials or trees and shrubbery. (*Di Laura* v. *State of New York*, 169 Misc. 912.)

The case of *Atterbury* v. *State of New York* (26 Misc 2d 422) is not applicable here. The appropriate distinction was pointed out in *Dufel* v. *State of New York* (198 App. Div. 97).

Under the circumstances here the time for filing a claim did not expire at the very earliest until 90 days after August 31, 1961, and actually may not have expired at the time of this application. As established by the papers before the court, the motion should be granted and the claimant is hereby authorized and permitted to file his claim.