TERRACE HOTEL Co., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39895.)

Third Department, November 8, 1963.

*Rosen & Rosen* (*George H. Rosen* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Gerard R. Gemmette* and *Paxton Blair* of counsel), for respondent.

REYNOLDS, J. On May 16, 1959 an appropriation map was filed by the Superintendent of Public Works condemning an easement over claimant's premises which barred the placement of billboard signs along the Quickway in Sullivan County. On June 13, 1960 a claim for damages for such appropriation was filed in the Court of Claims. On July 7, 1961 while this claim was still pending, the Court of Appeals determined in *Schulman* v. *People* (10 N Y 2d 249) that the State had no power to take the easement in question. The State then moved to dismiss the appropriation claim since under *Schulman* no appropriation could be made. In an order dated September 18, 1961 and filed October 3, 1961 this motion was granted without prejudice to filing a new claim for damages. On October 3 claimant made the instant claim alleging damages caused by the cloud created on its title, for trespass and for the cost of legal services in connection with the abortive appropriation claim. The court below found the complaint stated a valid cause of action, except for the claim for attorney's services, but then went on to hold that despite the fact that the dismissal was '' without prejudice '' the claim was barred because more than two years had run from the filing of the appropriation maps. (Court of Claims Act, § 10, subd. 1.)

We do not find subdivision 1 of section 10 here controlling. The present claim is not one for an appropriation, no appropriation even being possible in view of *Schulman,* but rather is in the nature of a tort action. Thus subdivision 3 of section 10, which allows 90 days '' after the accrual of such claim '' to make notice of an intention to file, controls here. The instant claim was, of course, filed long after filing of the appropriation maps so that if that date is the accrual date the claim was properly dismissed. However, the claim was filed only 15 days after the order dismissing the appropriation claim and, in fact, only 88 days after *Schulman* was handed down.

In *Waterman* v. *State of New York* (19 A D 2d 264) the claimant sought recovery for damages allegedly sustained because of the necessity of a retrial when the stenographer lost the minutes of the first trial. The damages sought were loss of interest and expenses of the second trial. These claims were filed within

90 days of both the decision and entry of order of the second trial but clearly not within 90 days of the loss of the minutes. The Court of Claims dismissed the claim but the Fourth Department reversed stating (p. 266): " ' The expression " claim accrued " is not identical with the expression " cause of action accrued." The claim accrues when it matures, and the words " claim accrued " have the same meaning as " damages accrued." ' (*Dufel* v. *State of New York,* 198 App. Div. 97, 102; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374, affd. 277 N. Y. 635.)

" The damages were not ascertainable until the date of the filing of the second decision. Until then, it could not be known whether the necessity for a second trial caused by the loss of the stenographer's minutes would result in any damage to the claimants, or how much the damage would be. The total amount of the awards might have been so much greater than the original awards that there would be no damage, or the total awards might have been considerably less than the original awards, in which case the damages would have been much greater than they in fact turned out to be. Under these circumstances, we think it is proper to apply the principle laid down in the Court of Claims cases that, in the case of continuing injury, the extent of which is presently unascertainable, the claim is not deemed to have accrued until the extent of the damages can be ascertained (*Moltion* v. *State of New York,* 193 Misc. 850, affd. 277 App. Div. 835, affd. *sub nom. Taylor* v. *State of New York,* 302 N. Y. 177, 185; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, affd. 277 N. Y. 635, *supra; Morrison & Quinn* v. *State of New York,* 204 App. Div. 623, 627; *Paduano* v. *State of New York,* 203 App. Div. 503; *Dufel* v. *State of New York,* 198 App. Div. 97, *supra; Allen* v. *State of New York,* 208 Misc. 385, 389; *Di Laura* v. *State of New York,* 169 Misc. 912; see, also, *Consiglio* v. *State of New York,* 247 App. Div. 832; Davison, Claims Against the State, § 27.07, pp. 230–231). While this was not a case of continuing injury, the principle laid down in the cited cases may fairly be applied here. We therefore hold that the claims were timely filed."

Similarly here it could not be ascertained what the damages would be until the trespass ceased and the appropriation claim was dismissed. We therefore find the instant claim timely filed.

Claimant also asks us to pass on the issue of the availability of damages for the legal expenses incurred by it as a result of the spurious appropriation. The court below denied such availability but this disposition was not included in the order appealed from. While we might ordinarily be disposed to reach this

issue to save the possibility of a future appeal, in the instant case we are not clearly convinced that, as in *Waterman* (*supra*), there is any culpability on the part of the State which can be shown to be the proximate cause of the loss of the expenditure for legal services here sought. We therefore feel that this aspect of the case requires more extensive development before we reach the issue.

The order should be reversed and the matter remanded for further action not inconsistent herewith, with costs to abide the event.

BERGAN, P. J., HERLIHY and TAYLOR, JJ., concur.

Order reversed, and matter remanded for further action not inconsistent with the opinion herein, with costs to abide the event.