■ TILDEN CONSTRUCTION CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43758.) — AULISI, J. Appeal from an order of the Court of Claims, entered on October 24, 1966, which dimissed the claim on the ground that it was not timely filed. The claim arose out of an alleged breach of a contract which was entered into March 4, 1958, for the replacement of windows and screens in buildings located at Rockland State Hospital. On February 8, 1963, the Department of Public Works accepted the work performed pursuant to the contract and requested claimant to execute and return a payment application for $30,416.49, the final payment due under the contract. This was done and on March 28, 1963, claimant received from the Department of Public Works a letter dated March 27, 1963, which stated that the completion date of the contract was extended to March 28, 1963 "which date coincides with the date of final certificate and constitutes the date of acceptance of the work by the State * * * Your final payment application has now been

approved by the Department and is being advanced for payment, which should be made within a few days." However, final payment was never made because of the filing of certain liens. The contract provides that the work should be performed pursuant to the State Architect's Standard Construction Specifications of November 1, 1955, which in article 36 of the General Conditions contain the following section from the Public Buildings Law: " Section 17. Payments. No payments shall be made upon any work done or materials furnished for the construction, reconstruction, alteration or improvement of state buildings under the supervision of the superintendent of public works, pursuant to this article, until the bills or estimates presented for such payment shall have been duly certified by the superintendent of public works to be correct and until, thereafter the comptroller shall have audited and approved such bills and estimates. Such bills or estimates presented for final payment for such work or materials shall be certified by the superintendent of public works and have the approval of the department having jurisdiction. The comptroller shall have and is hereby given full power to pass upon all bills and estimates presented for payment for such work or materials, and for the purpose of passing upon and auditing the same, he shall have full power to make investigation thereof and to determine whether or not he shall approve and audit the same. and allow the same to be paid." On February 24, 1964, the claimant filed a notice of intention to file a claim for extras and this was followed by the filing of the claim on April 30, 1964. A year and a half later on October 11, 1966, the State moved to dismiss the claim on the ground that the court lacked jurisdiction of the subject matter of the claim, pursuant to subdivision 4 of section 10 of the Court of Claims Act in that the notice of claim was not timely filed. The Court of Claims granted this motion. The State contends that the claim accrued on March 28, 1963, when, it asserts, the final certificate was executed, and that the claim was not timely filed since it was not within six months thereafter as required by subdivision 4. The claimant urges that the claim accured only after audit of the final payment application by the State's Comptroller, which according to claimant occurred on September 14, 1963. The actual date of audit and approval however, does not appear in the record, and the claimant's reliance on the September 14, 1963 date is based on an affirmation of the State's attorney that, " On or about September 14, 1963 the Comptroller of the State of New York audited the claimant's final payment ". We need not consider the effect of the statement in the affirmation, for in any event, there is nothing in the record that indicates that the Comptroller audited and approved the final estimates before September 14, 1963. We recently considered an analogous issue in *Terry Contr.* v. *State of New York* (27 A D 2d 499) where a final estimate had been submitted to the claimant, but it was not signed or approved by the Superintendent of Public Works. We noted that the right to reject the whole or any portion of the final estimate was reserved to the superintendent and concluded that until the superintendent affixed his approval to the estimate, the claimant was justified in considering the estimate submitted as a proposed final estimate which could be adjusted upwards or downwards. We held that a claim will be deemed accrued upon receipt by the claimant of a completed final estimate fully certified and signed by the Superintendent of Public Works, or upon tender by the State of a check in final payment under the contract and receipt thereof by the claimant, whichever event first occurs. From the record before us it does not appear that claimant in the present case ever received a signed and certified estimate of final certificate from the Superintendent of Public Works as section 17, above quoted, would appear to require. We cannot consider, as the State would have us do, the unsigned letter of the General Supervisor of the Depart-

ment of Public Works dated March 27, 1963 as being a sufficient substitute for or comparable to a "completed final estimate fully certified and signed by the Superintendent of Public Works" which is required by *Terry Contr.* v. *State of New York* (*supra*). No final certificate or comparable document having been certified and signed by the Superintendent of Public Works and received by claimant, we conclude that the claimant's notice of claim was timely filed. While we find the power possessed by the Superintendent in *Terry Contr.* to be very similar to the power of the Comptroller under the present contract and it would appear that claimant's receipt of the Comptroller's audit and approval is also required before the claim accrues (cf. *Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373, affd. 277 N. Y. 635), we need not decide that question. Order reversed, on the law and the facts, and motion to dismiss claim denied, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Aulisi, J.