■ HERITAGE CORPORATION OF NEW YORK, Respondent, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant.— Appeal by the New York State Thruway Authority from an order of the Court of Claims, entered May 22, 1973, which denied its motion to dismiss the claim as untimely filed. In view of its denial of the appellant's motion the Court of Claims did not determine the cross motion of claimant for permission to file a late claim. The appellant had leased two buildings from the claimant and claimant's predecessors, said leases expiring on March 31, 1972 and April 1, 1972. Both leases had covenants requiring the appellant to surrender the premises in as good order and condition as when received, natural wear and tear and damage by the elements including fire excepted. The record establishes that in and about the time the leases expired the appellant and claimant corresponded in regard to possible damages resulting from a failure to surrender the buildings in the appropriate good condition. The claim herein was filed on January 18, 1973 and well beyond the six-month period for filing pursuant to subdivision 4 of section 10 of the Court of Claims Act. There is no doubt that liability on the part of the appellant, if any, came into existence upon the expiration of the lease and its simultaneous surrender of possession of the buildings. Furthermore, the affidavits establish that damages were readily observable and ascertainable as of the date the premises were surrendered, albeit they might have been indefinite to some extent. Accordingly, the claimant failed to file the claim within the six-month period required by the Court of Claims Act. (See *Bronxville Palmer*

v. *State of New York*, 36 A D 2d 647; *Waterman* v. *State of New York*, 19 A D 2d 264, 266; *Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373, 374, affd. 277 N. Y. 635; *Dufel* v. *State of New York*, 198 App. Div. 97, 102.) In considering the motion for permission to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act, the claimant has alleged that it had difficulty in ascertaining the precise amount of monetary damages and further that, in regard to one building, the appellant had failed to remove or cause to be removed certain equipment until June 9, 1972. Assuming that, as to the one building, there might be some constructive possession resulting from the failure to remove all equipment at the time possession was surrendered, it nevertheless appears that the breach of the lease agreement would have occurred on March 31 or April 1, 1972 and such possession ended within six months of those dates. The present record establishes no basis for permitting the claimant to file a late claim. Order reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.